**MISSOURI–PACIFIC RAILROAD COMPANY, Appellant,**

v.

**James S. WILLINGHAM, Appellee.**

No. 3876.

Court of Civil Appeals of Texas.

Waco.

June 29, 1961.

Rehearing Denied Aug. 17, 1961.

McGregor, Sewell & Junell, Harman Parrott, Houston, Joe N. Davis, Palestine, for appellant.

Helm, Jones, McDermott & Pletcher, Houston, Johnston & Johnston, Palestine, for appellee.

McDONALD, Chief Justice.

This is an FELA case. Plaintiff Willingham, a railroad engineer, sued his employer, Missouri-Pacific Railroad, for damages for personal injuries. Plaintiff alleged that on *29 September, 1959* he had stopped his freight train at Valley Junction, awaiting another train; that he was temporarily standing beside his seat when a freight car being switched by another engine and crew, was suddenly run against the engine in which he was standing, causing him to be thrown against the cab; and that as a result he received injuries to his head, including a brain injury; injury to his neck and spine; traumatic nervous shock, and nervous disorders. Trial was to a jury which found the defendant guilty of negligence proximately causing plaintiff's injuries; acquitted plaintiff of contributory negligence; and fixed plaintiff's damages at $43,750.

Defendant appeals, contending that the Trial Court erred:

1) In permitting plaintiff's medical witness to testify over defendant's objection to opinions and conclusions concerning plaintiff's physical condition based in part upon the hearsay and unproven reports of 2 other doctors.

2) In permitting plaintiff's medical witness to testify over defendant's objections concerning his findings and opinions based on X-ray reports obtained from another doctor.

3, 4, 5) In permitting plaintiff's medical witness to express an opinion concerning plaintiff's brain injury, over defendant's objection, based in part upon an electroencephalogram report and findings of another doctor, and that said electroencephalogram was not in evidence, and was hearsay.

6) In failing to permit defendant to prove on cross examination of plaintiff that plaintiff, by reason of his age and length of service, would be entitled to a pension or retirement benefit if he chose to retire.

7) In not granting a new trial because of excessiveness of the damages.

We revert to defendant's contentions 1 through 5.

The record shows that plaintiff was thrown against the cab of his engine when other railroad cars bumped his engine on *29 September 1959*. Plaintiff contends brain, neck and back injuries. Defendant denied that plaintiff received any injuries as a result of the occurrence. Plaintiff sought no medical aid following the occurrence, but continued in the regular performance of his duties as an engineer until *9 January, 1960*. Plaintiff went to the railroad doctor on 9 January, 1960. Such doctor testified that plaintiff was not suffering from the effects of any accident, but from a cerebral vascular accident, known to laymen as a "stroke", which could have no relationship whatsoever to the occurrence of 29 September 1959.

There is no question but that plaintiff is disabled; the principal question being as to whether or not the occurrence of 29 September 1959 caused his disablement. Dr. Brown testified (by deposition) that he specialized in neurosurgery; that he first saw plaintiff on *9 February 1960*; that he sent him to Dr. Tyner for X-rays, and to Dr. Kelloway for an electroencephalogram; that he obtained an X-ray report from Dr. Tyner, and an electroencephalogram report from Dr. Kelloway. Neither Dr. Tyner nor Dr. Kelloway testified in the case and neither their reports nor the X-rays and electroencephalogram are in evidence.

Dr. Brown testified that in his opinion plaintiff suffered brain damage in the occurrence of 29 September 1959, and that

his disabilities were due to such occurrence.

Defendant objected to Dr. Brown's testimony on the ground that his diagnosis was made in part upon a consideration of the X-ray and electroencephalogram reports made by others, and that same is hearsay, and that Dr. Brown's opinions and conclusions are based in part upon hearsay and was not admissible.

■ The rule is that a medical expert may have an opinion on his own observation of the facts, on an assumed state of facts which the evidence tends to establish, on competent evidence in the case, or partly on facts within his own knowledge and partly on facts shown by the testimony of others. Texas State Highway Dept. v. Fillmon, Tex.Civ.App., 242 S.W. 2d 172.

Dr. Brown examined plaintiff some five different times, 9 February, 18 February, 7 March, 30 March and 12 April (all in 1960). It is true that he had a Dr. Tyner make some X-rays of plaintiff, and a Dr. Kelloway make an electroencephalogram of plaintiff, and that these doctors rendered reports to Dr. Brown which are not in evidence in this case. Defendant had 3 medical witnesses: Dr. Martin, Dr. Haverloh, and Dr. Goodall. (A Dr. Skogland made an electroencephalogram, and Dr. Martin made X-rays). These X-rays and the electroencephalogram made by defendant's doctors were either in evidence or testified about by the defendant's doctors, and for all practical purposes indicated and showed the same conditions which Dr. Brown said the X-rays and electroencephalogram made for him by other doctors showed and indicated. The truth of the matters assumed by Dr. Brown from the X-rays and electroencephalogram were thus in evidence in the case, albeit from the defendant's medical testimony.

■ Moreover, Dr. Brown testified finally, that his opinion that plaintiff's disabilities were due to the occurrence of 29 September 1959, was based upon his own examinations and treatment of the plaintiff.

Further, Dr. Goodall, one of defendant's medical witnesses, testified that he would not say that he thought plaintiff's condition was wholly unrelated to the events of 29 September 1959, and that he thought they were related. See Houston & T. C. Ry. v. Rutland, 45 Tex.Civ.App. 621, 101 S.W. 529, W/E Ref.; Muro v. Houston F. & C. Co., Tex.Civ.App., 329 S.W.2d 326, W/E Ref. n. r. e.; United Fidelity Life Ins. Co. v. Holliday, Tex.Civ.App., 226 S.W.2d 139, W/E Ref., n. r. e. See also: Missouri-Pacific R. Co. v. Mendoza, Tex.Civ.App., 337 S.W.2d 622, (n. r. e.), writ certiorari denied 365 U.S. 818, 81 S.Ct. 699, 5 L.Ed.2d 696.

No error is shown in defendant's points 1 through 5.

Defendant's 6th contention complains of the Trial Court's refusal to permit defendant to prove that plaintiff, by reason of his age and length of service, could receive a pension if he chose to retire.

■ Evidence of benefits which might be obtained from a collateral source are inadmissible; and that the Trial Court correctly excluded the evidence. Mosby v. Texas & P. Ry., Tex.Civ.App., 191 S.W.2d 55; Green v. Rudsenske, Tex.Civ.App., 320 S.W.2d 228; R. E. Dumas Milner Chevrolet v. Morphis, Tex.Civ.App., 337 S.W.2d 185, W/E Ref., n. r. e.

■ Defendant's 7th contention is that the verdict is excessive. The verdict was for $43,750. Plaintiff was making $11,000 per year and had a life expectancy of 11.01 years, and a work life expectancy of 3.2 years. There is no question but that plaintiff is totally disabled. Defendant's real complaint here is actually levelled at the cause of disability which was sharply contested, but which has been resolved by the verdict of the jury. We think the verdict is not excessive. See Texas Consol.

Transportation Co. v. Eubanks, Tex.Civ. App., 340 S.W.2d 830, n. r. e.

All of defendant's points and contentions are overruled and the judgment of the Trial Court is affirmed.