## EICHEL v. NEW YORK CENTRAL RAILROAD CO.

No. 480.   Decided December 16, 1963.

*Arnold B. Elkind* and *Richard C. Machcinski* for petitioner.

*Gerald E. Dwyer* for respondent.

PER CURIAM.

Petitioner, who had been employed by respondent New York Central Railroad for 40 years, brought this action against respondent under the Federal Employers' Liability Act, 35 Stat. 65, as amended, 45 U. S. C. § 51 *et seq.,* in the District Court for the Southern District of New York. The complaint alleged that in 1960, as a result of respondent's negligence, petitioner suffered a permanently disabling injury.   The jury returned a verdict of $51,000 for petitioner and the District Court entered judgment in accordance with that verdict.   Respondent offered evidence that petitioner was receiving $190 a month in disability pension payments under the Railroad Retirement Act of 1937, 50 Stat. 309, as amended, 45 U. S. C. § 228b (a) 4.

This evidence was offered for the purpose of impeaching the testimony of petitioner as to his motive for not returning to work and as to the permanency of his injuries. The trial court excluded the evidence in response to the objection of petitioner's counsel. The Court of Appeals for the Second Circuit reversed, holding it prejudicial error to exclude the evidence of the disability pension, and remanded "for a new trial, limited, however, to the issues of injury and resulting damages . . . ." 319 F. 2d 12, 14. The court affirmed the judgment "as to the determination of negligence." *Ibid.* We grant certiorari and reverse the judgment of the Court of Appeals.

Respondent does not dispute that it would be highly improper for the disability pension payments to be considered in mitigation of the damages suffered by petitioner. Thus it has been recognized that:

> "The Railroad Retirement Act is substantially a Social Security Act for employees of common carriers. . . . The benefits received under such a system of social legislation are not directly attributable to the contributions of the employer, so they cannot be considered in mitigation of the damages caused by the employer." *New York, N. H. & H. R. Co.* v. *Leary,* 204 F. 2d 461, 468, cert. denied, 346 U. S. 856.[1]

Respondent argues that the evidence of the disability payments, although concededly inadmissible to offset or mitigate damages, is admissible as bearing on the extent and duration of the disability suffered by petitioner. At the trial counsel for respondent argued that the pension would show "a motive for [petitioner's] not continuing

---

[1] See *Sinovich* v. *Erie R. Co.,* 230 F. 2d 658, 661; *Page* v. *St. Louis S. R. Co.,* 312 F. 2d 84, 94. See also Gregory and Kalven, Cases and Materials on Torts (1959), pp. 480–482; McCormick, Damages (1935), p. 310, n. 2; Comment, 38 Mich. L. Rev. 1073.

work, and for his deciding not to continue going back to work after the last accident." On the basis of this argument the Court of Appeals concluded that the disputed evidence should have been admitted because: "Its substantial probative value cannot reasonably be said to be outweighed by the risk that it will . . . create substantial danger of undue prejudice through being considered by the jury for the incompetent purpose of a set-off against lost earnings." 319 F. 2d, at 20.

We disagree. In our view the likelihood of misuse by the jury clearly outweighs the value of this evidence.[2] Insofar as the evidence bears on the issue of malingering, there will generally be other evidence having more probative value and involving less likelihood of prejudice than the receipt of a disability pension. Moreover, it would violate the spirit of the federal statutes if the receipt of disability benefits under the Railroad Retirement Act of 1937, 50 Stat. 309, as amended, 45 U. S. C. § 228b (a) 4, were considered as evidence of malingering by an employee asserting a claim under the Federal Employers' Liability Act. We have recently had occasion to be reminded that evidence of collateral benefits is readily subject to misuse by a jury. *Tipton* v. *Socony Mobil Oil Co., Inc.*, 375 U. S. 34.[3] It has long been recognized that evidence showing that the defendant is insured creates a substantial likelihood of misuse.[4] Similarly, we must recognize that the petitioner's receipt of collateral social insurance benefits involves a substantial likelihood of prejudicial impact. We hold therefore that the District Court properly excluded the evidence of disability pay-

---

[2] Cf. McCormick, Evidence (1954), c. 19; 2 Wigmore, Evidence (1940), § 282a.

[3] See Kalven, The Jury, the Law, and the Personal Injury Damage Award, 19 Ohio St. L. J. 158, 169.

[4] See notes 1–3, *supra*.

ments.   Accordingly, the judgment of the Court of Appeals is reversed and the case remanded for proceedings consistent with this opinion.

*Reversed and remanded.*

MR. JUSTICE DOUGLAS concurs in the result.

MR. JUSTICE HARLAN, concurring in part and dissenting in part.

Once again, I am obliged to record my view that certiorari should not have been granted in a case of this kind, involving only a question of the admissibility of evidence in a suit under the Federal Employers' Liability Act, 35 Stat. 65, as amended, 45 U. S. C. § 51.   See my dissenting opinion in *Tipton* v. *Socony Mobil Oil Co., Inc.,* earlier this Term, *ante,* p. 37.

On the merits, I agree with the majority that the judgment below should be reversed, but for different reasons. Whether or not evidence that the petitioner was receiving disability pension payments under the Railroad Retirement Act of 1937, 50 Stat. 307, as amended, 45 U. S. C. § 228a, should have been admitted depends on a balance between its probative bearing on the issue as to which it was offered, in this case the respondent's claim that petitioner was a malingerer, and the possibility of prejudice to the petitioner resulting from the jury's consideration of the evidence on issues as to which it is irrelevant.   When a balance of this sort has to be struck, it should, except in rare instances, be left to the discretion of the trial judge, subject to review for abuse.   See Uniform Rules of Evidence, Rule 45; Model Code of Evidence, Rule 303.   It is he who is in the best position to weigh the relevant factors, such as the value of the disputed evidence as compared with other proof adducible to the same end and the effectiveness of limiting instructions.   Believing that

this rule should have been followed here, I concur in reversing the judgment below, which not only held the evidence not inadmissible as a matter of law but also directed its admission on retrial.

For the same reasons, however, I dissent from the majority's holding that the evidence is required to be excluded. I see no reason why evidentiary questions should be given different treatment when they arise in an F. E. L. A. case than when they arise in other contexts.