**TRADERS & GENERAL INSURANCE COMPANY, Appellant,**

v.

**M. Z. REED, Appellee.**

**No. 34.**

· Court of Civil Appeals of Texas.

Corpus Christi.

March 5, 1964.

Rehearing Denied March 19, 1964.

James Greenwood III, of Vinson, Elkins, Weems & Searls, Houston, for appellant.

Robert L. Steely, of Hill, Brown, Kronzer, Abraham, Watkins & Steely, Houston, for appellee.

GREEN, Chief Justice.

This appeal is from a judgment for total and permanent disability plus recovery of $1,168.00 unpaid medical bills in a workman's compensation case. Appellee was injured March 26, 1961, while working on a drilling rig. A cat line raising three joints of pipe to the top of the derrick became fouled in a rapidly rotating cathead and broke, causing appellee to be struck in the back by steel tongs weighing approximately 250 pounds and to be knocked to the floor of the derrick. There he was repeatedly struck many times by a metal chain and steel cable attached to the rotating cathead before other employees could shut off the power and remove him. He suffered severe injuries, from which he was hospitalized for over 100 days. According to his testimony at the time of his trial over two years later, he had not worked in gainful employment since the accident.

It was stipulated at the trial that for fifty-eight weeks after the injury, appellant paid appellee $35.00 per week compensation for his injuries, and had paid $1,159.50 medical bills and expenses in addition to the unpaid bills as found by the jury verdict.

The trial was held in May, 1963, by which time appellee had recovered from the injuries to his body with the exception, according to Dr. Martin Towler, a neuropsychiatrist who had been treating appellee since July, 1961, that he still suffered from an injury to the perineal nerve in his left leg, causing what was designated as a foot drop and consequential limp. The principal cause of appellee's present disability, according to Dr. Towler, was a depression, a real, existing mental disease resulting from the accidental injury of March 26, 1961. He testified that appellee got better perodically and appeared to be on the verge of recovery, and then suffered relapses. He said that appellee would eventually be able to work again, but he did not know how long his depression would last, and that the disability resulting from this condition would be of indefinite duration.

There was testimony from doctors placed on the stand by appellant to the effect that appellee, at the time of the trial, had no dis-

ability at all. The testimony of Dr. Edmond Fountain and Dr. Edward T. Smith, appellant's witnesses, supported its position that, after the first few months following the accident, appellee's disability was only partial and was temporary.

Thus it became a matter for the jury to decide the extent and duration of appellee's disability, if any. Appellant does not question the sufficiency of the evidence to support the findings of the jury. This appeal is based entirely on alleged error of the trial court in excluding two items of evidence offered by appellant.

Appellant's first complaint is that it was not permitted to prove by appellee that he was receiving $105.00 per month social security disability payments as the result of his injuries. Appellant's other point is based on the exclusion from evidence of three sheets of paper from the medical files of appellee's medical witness, Dr. Martin Towler, these sheets being (1) a letter from the Social Security Administration addressed to appellee requesting that he obtain a medical report from Dr. Towler; (2) a government form to be signed by appellee authorizing his doctor to release records to the Social Security Administration, and instructing the physician as to the information desired; and (3) the blank form of a medical report. Except for appellee's name, address, date of birth and Social Security number, these papers, the blanks of which had not been filled in, contained no facts, no medical opinions and no information concerning appellee or his injuries.

Appellee objected to the introduction of such evidence on the grounds that it was immaterial and irrelevant to any issue in the case, and that it constituted testimony of payment from a collateral source. Such objection was sustained. We find that no error was committed by the trial court in excluding this offered testimony, and that the judgment should be affirmed.

Under the collateral source rule invoked by appellee in his objection to all testimony concerning the application for and payments of social security disability benefits, the fact that an injured person receives from a collateral source payments which may have some tendency to mitigate the consequences of the injury which he otherwise would have suffered may not be taken into consideration in assessing the damages or other recovery to which the claimant may be entitled. See annotation in 75 A.L.R.2d 885 et seq.; 25 C.J.S. Damages § 99, page 647.

It is undisputed that the fact that appellee, after the payments which appellant made to him for fifty-eight weeks were discontinued, applied to the government for social security disability benefits, and that the government recognized the validity of his claim and made such payments to him would not ordinarily be admissible to mitigate the damages or affect his right of recovery. Appellant concedes that the collateral source rule prohibiting generally evidence of collateral payments from other sources, such as insurance, pension or retirement funds, employee benefit accounts, social security or old age assistance, etc., has been applied in numerous Texas cases to exclude testimony such as offered here. St. Louis & S. F. Ry. Co. v. Clifford, Tex. Civ.App., 148 S.W. 1163, writ ref.; Graves v. Poe, Tex.Civ.App., 118 S.W.2d 969, writ dis.; Texas Cities Gas Co. v. Dickens, Tex. Civ.App., 156 S.W.2d 1010, aff'd., 140 Tex. 433, 168 S.W.2d 208; Mosby v. Texas & P. Ry. Co., Tex.Civ.App., 191 S.W.2d 55, n. w. h.; R. E. Dumas Milner Chevrolet Co. v. Morphis, Tex.Civ.App., 337 S.W.2d 185, writ ref. n. r. e.; Missouri-Pacific Railroad Co. v. Willingham, Tex.Civ.App., 348 S.W.2d 764, n. w. h.

But appellant says that a situation is presented where the rule should not be applicable, or where an exception should be made. In answer to appellee's objection to the tendered testimony in the trial court, appellant's attorney stated, "This is a case in which a man has a condition of the mind, and I think the jury is entitled to have be-

fore it anything that might bring about that condition, and the fact that he has drawn this compensation * * * from the government would be admissible, and we don't want to show the amount, we just want to show that he is drawing it, because of the effect it might have on his mind * * * and that it might be a motivating factor; I am not saying it is because I don't know." As stated in its brief, "Appellant's position is that such evidence was and is relevant and material on the question primarily of the *duration* as well as the very nature of appellee's 'disability' at the time of trial. * * * It was not offered to mitigate damages, but to show that something other than the accident of March 26, 1961, was the cause of his *continued* disability, if any, and to show that the disability was *not permanent.*" Appellant further argues that the evidence that appellee was receiving the disability payments was admissible to show that the continuation of his disability, if any, flowed from the fact that he was receiving money only so long as he was found to be disabled, and that upon a medical or judicial finding that he was not, those payments would discontinue, and so, consciously or unconsciously, appellee's disability continued because of compensation, not trauma.

Appellant tells us that he has found no Texas case supporting his views, and in fact cites no final authority on the point raised. The opinion of the 2d Circuit in Eichel v. New York Central Railroad Co., 319 F.2d 12 (1963), an F.E.L.A. case, is cited as holding that evidence of disability payments received by the injured plaintiff under the Railroad Retirement Act of 1937 was admissible for the limited purpose of showing the effect such payments might have on the state of plaintiff's mind, and on the duration or permanency of his injuries.

But shortly after appellant filed its brief in our court, this decision was reversed by the U. S. Supreme Court by per curiam opinion rendered December 16, 1963, and reported in 375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307. In holding that the trial court properly excluded such offered testimony, the opinion states:

"Respondent argues that the evidence of the disability payments, although concededly inadmissible to offset or mitigate damages, is admissible as bearing on the extent and duration of the disability suffered by petitioner. At the trial counsel for respondent argued that the pension would show 'a motive for (petitioner's) not continuing work, and for his deciding not to continue going back to work after the last accident.' On the basis of this argument the Court of Appeals concluded that the disputed evidence should have been admitted because: 'Its substantial probative value cannot reasonably be said to be outweighed by the risk that it will * * * create substantial danger of undue prejudice through being considered by the jury for the incompetent purpose of a set-off against lost earnings.' 319 F.2d, at 20.

"We disagree. In our view the likelihood of misuse by the jury clearly outweighs the value of this evidence. Insofar as the evidence bears on the issue of malingering, there will generally be other evidence having more probative value and involving less likelihood of prejudice than the receipt of a disability pension. * * * It has long been recognized that evidence showing that the defendant is insured creates a substantial likelihood of misuse. Similarly, we must recognize that the petitioner's receipt of collateral social insurance benefits involves a substantial likelihood of prejudicial impact."

The case of R. E. Dumas Milner Chevrolet Co. v. Morphis, Tex.Civ.App., 337 S.W. 2d 185, writ ref. n. r. e., presents a situation which we find to be similar to the instant appeal. Defendant in a personal injury case sought to prove that during plaintiff's absence from work, following his injury in a

collision, he continued to receive under a partnership agreement, his full share of partnership profits for a period of time, and a lesser share for a subsequent period. Defendant insisted that the evidence was admissible on the extent and duration of plaintiff's disability and would have aided the jury in deciding whether the reason plaintiff did not work more than he did was that he was drawing pay for not working rather than because he was disabled from working. The trial court excluded this evidence, and also excluded plaintiff's income tax return, which would have reflected such income. The Court of Civil Appeals, after a full discussion, upheld the trial court's ruling, and affirmed a rather substantial judgment for appellee.

We believe, as stated in Chevrolet Co. v. Morphis, supra, and Eichel v. Railroad Co., supra, and in many of the authorities heretofore cited, that the injection of collateral matters, even though the jury may be instructed as to the limited purpose for which the testimony is admitted, might tend to complicate and confuse the issues of a trial. This confusing feature would be injected into any case, regardless of or perhaps even more so by reason of any special instructions to the jury as to the limited purpose for which the testimony might be considered, if collateral benefits are opened up, and the trial becomes complicated by determinations of other parties as to what constitutes disability, and complicated and confused by questions of how much the injured party is receiving from collateral sources as the result of his disability. In such event it is quite likely that the true rights of the parties might become lost.

Appellant has failed to show that any of the offered testimony pertaining either to the application for social security disability benefits or the payments to appellee of such benefits constitutes an exception to the rule of exclusion of such evidence discussed above. The objections to such evidence were properly sustained and the evidence offered was properly excluded.

We have carefully considered all points made by appellant in its briefs concerning the admissibility of the excluded evidence and we find no cause to reverse this judgment by reason of the trial court's rulings.

Judgment affirmed.