Albert THOMPSON, Plaintiff, Appellant,

v.

KAWASAKI KISEN, K.K., et al., Appellees.

BAY STATE STEVEDORING COMPANY, Third-Party Defendant, Appellant,

v.

Albert THOMPSON et al., Appellees.

Nos. 6447, 6457.

United States Court of Appeals First Circuit.

July 7, 1965.

Nathan Greenberg, Boston, Mass., for Albert Thompson.

Blair L. Perry, Boston, Mass., with whom Hale & Dorr, Boston, Mass., was on brief, for Bay State Stevedoring Co.

Hiller B. Zobel, Boston, Mass., with whom Robert J. Hallisey, Thomas H. Walsh, and Bingham, Dana & Gould, Boston, Mass., were on brief, for Kawasaki Kisen, K.K.

Before ALDRICH, Chief Judge, BREITENSTEIN,* Circuit Judge, and GIGNOUX, District Judge.

BREITENSTEIN, Circuit Judge.

■ The sole issue in this negligence action is whether at the jury trial the court properly received evidence of payments to the plaintiff (appellant Thompson) from an unnamed source during a period for which he claimed disability.

Plaintiff, an injured longshoreman, sought recovery from a shipowner (appellee Kawasaki Kisen, K.K.) which in turn sought indemnity from the stevedoring company (Bay State), the plaintiff's employer. The case was begun in a Massachusetts state court and removed to federal court by the shipowner on the ground of diversity. The shipowner filed a third-party complaint against the stevedoring company. The jury found for the shipowner on the claim of unseaworthiness and for the longshoreman on the claim of negligence. The third-party complaint issues were heard by the court without a jury and the stevedoring company was ordered to indemnify the shipowner. The verdict of $7,827 was for less than the payments made to the longshoreman by his employer's compensation carrier and the court upheld the carrier's lien.

The longshoreman is dissatisfied with the recovery and his appeal (No. 6447) is based on the alleged erroneous admission of the noted evidence. The stevedoring company's appeal (No. 6457) is directed to the preservation of its third-party defendant's rights with respect to the scope of any new trial which may be ordered.

■ The accident occurred when the longshoreman was working in the hold of the ship unloading cargo. He stumbled on a piece of dunnage while carrying a carton of nails. He claimed an injury to his back, was hospitalized, and asserts inability to work. On cross-examination of the plaintiff, counsel for the shipowner asked the following question:

"Q. During this period you were receiving from a source which for the moment I won't reveal $70 a week, weren't you?" [1]

An objection, which we deem appropriate to raise the issue here presented, was overruled. The answer disclosed that plaintiff had received $70 a week for an undefined period and later $52 a week, but at the time was receiving nothing.

Counsel for the longshoreman argues that the trial court erred in requiring an answer to the question on receipt of benefits during the disability period. He relies on Tipton v. Socony Mobile Oil Co., Inc., 375 U.S. 34, 84 S.Ct. 1, 11 L.Ed.2d 4, rehearing denied 375 U.S. 936, 84 S.Ct. 328, 11 L.Ed.2d 268, and Eichel v.

---

* By designation.

1. Although the source of the payments was not identified, the plaintiff and his counsel, both before and after the question in issue, improperly (cf. Eichel v. New York Cent. R.R., 375 U.S. 253, 255, 84 S.Ct. 316, 11 L.Ed.2d 307) brought to the attention of the jury the presence of insurance in connection with the care and treatment which the plaintiff had received.

New York Cent. R.R., 375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307. Tipton is not pertinent. There the Supreme Court held that evidence of the receipt of compensation under the Longshoremen's and Harbor Workers' Compensation Act [2] was not admissible on the issue of whether the plaintiff was an offshore drilling employee rather than a seaman because that status was to be determined on the basis of the facts of the case—not on the basis of a prior contention of the plaintiff.

Eichel was an action under the Federal Employers' Liability Act [3] and the Supreme Court held that evidence of the plaintiff's receipt of a disability pension under the Railroad Retirement Act of 1937 [4] was properly excluded. The Court commented that "it would violate the spirit of the federal statutes if the receipt of disability benefits under the Railroad Retirement Act * * * were considered as evidence of malingering by an employee asserting a claim under the Federal Employers' Liability Act."

The instant case is not based on any federal statute but rather on ordinary negligence. No authority of which we are aware holds that the rules of evidence applicable to ordinary negligence cases do not apply when the plaintiff is a longshoreman and the defendant is a shipowner. Rule 43(a), F.R.Civ.P., provides that evidence shall be admitted if it is admissible under the rules of evidence applied in either the federal courts or the courts of the state in which the federal court is held [5] and that the rule which favors the reception of the evidence governs.[6] The case at bar was begun in Massachusetts and removed to federal court because of diversity. Under Massachusetts law evidence of receipt of collateral income is admissible "to affect the weight of plaintiff's previous testimony that he was disabled from working on account of the accident." [7] The trial court properly permitted the question to be answered.

In No. 6447 the judgment is affirmed. This action makes unnecessary the consideration of No. 6457 and that appeal is dismissed.

---

2. 33 U.S.C. § 901 et seq.

3. 45 U.S.C. § 51 et seq.

4. 45 U.S.C.A. § 228b(a)4.

5. See J. H. Horne & Sons Co. v. Bath Fibre Co., 1 Cir., 272 F.2d 8, 10.

6. See 5 Moore, Federal Practice, ¶ 43.04, at 1326–1328 (2d ed.).

7. McElwain v. Capotosto, 332 Mass. 1, 122 N.E.2d 901, 902.