PAUL A. BENSON vs. EVA GUYETTE. December 29, 1965. In an action of tort for personal injuries suffered by the plaintiff in a fall from a second floor porch of the defendant's house to which he had been sent by his employer to install doors, the judge, subject to the plaintiff's exceptions, admitted in evidence testimony by the plaintiff's employer, on cross-examination by the defendant, that the plaintiff's injury was covered by the employer's workmen's compensation insurance, and, as exhibits, photostats of the employer's report of injury to the Division of Industrial Accidents and of the plaintiff's claim for compensation. All of this was prejudicial error. *Chaves* v. *Weeks*, 242 Mass. 156, 158. *West* v. *Molders Foundry Co. Inc.* 342 Mass. 8, 9, and cases cited. The defendant's contention that the documents were admissible as contradictions of the employer's and the plaintiff's testimony is without merit. The testimony was in amplification and not in contradiction of the exhibits. The case of *Nappi* v. *Falcon Truck Renting Corp.* 286 App. Div. (N. Y.) 123, affd. 1 N. Y. 2d 750, cited by the defendant, is not pertinent to the situation before us.

*Exceptions sustained.*

*Morris Michelson f*or the plaintiff.
*William J. Ryter* for the defendant.

MID-CONTINENT REFRIGERATOR CO. vs. RALPH F. NEILSEN. December 29, 1965. There was no error in the judge's denial of requested rulings nor in his finding for the plaintiff for $4,748.09 on a promissory note given as payment for a florist's refrigerator or cooler bought under a conditional sale agreement. The undisputed evidence showed as follows: prior to the sale to the defendant on October 4, 1960, the cooler had been repossessed from another buyer, John J. Dwane, because of Dwane's default under the conditional sale agreement between him and the plaintiff; the prior agreement with Dwane had not been recorded; Dwane was adjudged bankrupt on a petition filed March 6, 1961; the trustee in bankruptcy wrote the plaintiff claiming the cooler; the plaintiff on May 2, 1961, in writing denied the trustee's claim and sent a copy of his letter to the defendant; after a notice to the plaintiff of a petition to sell "assets" free of encumbrances "especially an alleged agreement," the trustee, on July 20, 1961, pursuant to the referee's order, sold the cooler to the defendant, free of "an alleged security agreement with [the plaintiff]." There was testimony of correspondence and talk between the parties in respect of the trustee's claim. The principal defence is based upon the failure of the plaintiff to defend a warranted title in the bankruptcy proceedings and the contention that the trustee's superior title had thereby been finally adjudicated as between the plaintiff and the defendant. Even were we to assume that the referee's sale adjudged a title in the trustee good against the defendant, the evidence shows no act or word of the defendant that could be construed as effective notice to the plaintiff to come in and defend and no word or act of the plaintiff justifying a belief that he would do so. Compare *Pasquale* v. *Shore*, 343 Mass. 239, 243–245. Nothing called for the judge's attention to requests relating to estoppel, waiver, and laches.

*Exceptions overruled.*

*Paul L. Gallagher* for the defendant.
*Robert Robinson* for the plaintiff.