GEORGE NASSIF *vs.* RICHARD JOYCE SMITH & another, trustees. June 4, 1976. In this action of tort for personal injuries brought by a postal employee against the trustees in bankruptcy of the New York, New Haven & Hartford Railroad, the jury returned a verdict for the plaintiff in the sum of $17,000. The plaintiff seeks a new trial on the issue of damages. (1) Although counsel for the plaintiff apprised the jury in his opening remarks and again through questions to the plaintiff on direct examination that the latter had been receiving compensation payments from two insurers because of those injuries, during cross-examination of the plaintiff he took exception to the admission in evidence of a stipulation which disclosed the sum of those payments to be in excess of $68,000. There was no error. The judge properly limited the admissibility of the stipulation by promptly instructing the jury that "[t]hese figures are admitted ... on the issue of whether the plaintiff's absence from work was really due to an injury ... or was caused or prolonged by the fact that he would be paid if he did not work, even though the sum paid here would not reduce the recoverable damages for any period of disability actually due to this accident." *McElwain* v. *Capotosto,* 332 Mass. 1, 2 (1954). *Thompson* v. *Bay State Stevedoring Co.* 348 F.2d 879, 881 (1st Cir. 1965), cert. den. sub nom. *Thompson* v. *Kawasaki,* 382 U.S. 987 (1966). Whether this evidence was admissible for the limited purpose of affecting the weight of the plaintiff's testimony that he was unable to work on account of the accident was within the discretion of the judge (*McElwain* v. *Capotosto, supra,* at 3) as an exception to the "collateral-source" rule, as to which see *Chaves* v. *Weeks,* 242 Mass. 156, 157-158 (1922); *Benson* v. *Guyette,* 350 Mass. 759 (1965); *Goldstein* v. *Gontarz,* 364 Mass. 800, 808-809 (1974); Locke, Workmen's Compensation, § 673 (1968). Moreover, having initiated the disclosure that he had been the recipient of compensation for his injuries, the plaintiff could not thereafter justifiably complain that the judge abused his discretion in permitting the defendant to disclose to the jury the amounts of those payments. McCormick, Evidence § 57, at 132-133 (2d ed. 1972). See *Wireless Specialty Apparatus Co.* v. *Priess,* 246 Mass. 274, 278-279 (1923); *Bodell* v. *Sawyer,* 294 Mass. 534, 542 (1936); *Goodyear Park Co.* v. *Holyoke,* 298 Mass. 510, 512 (1937). (2) The plaintiff excepted to the refusal of the judge to instruct the jury in his charge that, if it should consider the fact

that the plaintiff had received compensation (from the insurers), it "must also consider that the plaintiff is obligated to make reimbursement of the sum so received." We do not reach the question whether the requested instruction, although inaccurate, was sufficient to direct the judge's attention to the correct rule of law with respect to the insurers' rights to subrogation. See G. L. c. 152, § 15, as amended through St. 1965, c. 487, § 1A, and 5 U.S.C. § 8131(c) (1970) and § 8132, as amended, 88 Stat. 1147 (1974). *Higgins* v. *Pratt,* 316 Mass. 700, 711-712 (1944). *Salter* v. *Leventhal,* 337 Mass. 679, 700 (1958). *Liakos* v. *Moreno,* 351 Mass. 90, 94 (1966). Contrast *Blood* v. *Dewey,* 315 Mass. 500, 504 (1944); *Meldon* v. *Grubliauskas,* 317 Mass. 70, 71-72 (1944). Although the plaintiff, as related in (1) herein, excepted to the admission in evidence of the sum received by him as compensation, he did not object to the limitation then placed upon that evidence by the judge, and he was not thereafter entitled to an instruction further qualifying its consideration by the jury. See *Solomon* v. *Dabrowski,* 295 Mass. 358, 359-360 (1936). (3) The plaintiff's argument that it was error to have permitted the figures mentioned in the stipulation to remain on a blackboard in view of the jury throughout much of the trial is not based on an objection or exception and therefore brings nothing before this court. *Finger* v. *DePietro,* 2 Mass. App. Ct. 913 (1975).

*Judgment affirmed.*

*Joseph Graglia (Norman Weinberg* with him) for the plaintiff.
*John D. Dwyer* for the defendants.