Donald A. LAMONT, Plaintiff-Appellee,

v.

UNION PACIFIC RAILROAD COMPANY, a corporation, Defendant-Appellant.

No. 82CA1493.

Colorado Court of Appeals, Div. III.

Jan. 30, 1986.

**1342**

Morrisard & Rossi, P.C., James Cox, Aurora, Branney, Hillyard & Criswell, John A. Criswell, Englewood, for plaintiff-appellee.

Gorsuch, Kirgis, Campbell, Walker & Grover, Mark C. Hansen, Denver, for defendant-appellant.

KELLY, Judge.

In this action for damages under the Federal Employers Liability Act, 45 U.S.C. § 51, et seq. (FELA), the Union Pacific Railroad Company appeals from a judgment entered on a jury verdict of $175,000 in favor of the plaintiff, Donald A. Lamont. The negligence alleged was that Union Pacific had failed to provide a safe place to work and safe tools and equipment with which to work. Union Pacific argues, among other things, that the trial court erred in instructing the jury that assumption of the risk is not a defense in a FELA action, that the trial court erred in restricting its cross-examination of the plaintiff, and that damages were excessive. We affirm.

This action arises out of an accident which occurred when Lamont, a boilermaker for Union Pacific, was working at its repair facility cutting pieces of damaged metal from a wrecked locomotive with an oxyacetylene torch. While Lamont wore safety goggles to protect his eyes, he did not use protective equipment for his ears, and he testified that at no time during his thirty-five year tenure with the railroad was he made aware of the availability of any devices to protect his ears.

While engaged in repair work on the locomotive, a piece of hot slag fell into Lamont's ear, burning the ear and causing great pain. Lamont endured three hospital surgeries to his ear and one surgery in his physician's office as a result of this accident; he testified that he had lost his sense of taste and that he has continuing problems with his equilibrium. He further testified that, because of these equilibrium problems, he became apprehensive that he would fall while on the job and therefore retired five years earlier than he would otherwise have done.

I.

Relying on *Cruz v. Union Pacific R.R. Co.*, 707 P.2d 360 (Colo.App.1985), Union Pacific argues that the trial court erred in instructing the jury in the language of 45 U.S.C. § 54 of the FELA that assumption of risk is not a defense in actions brought under the statute. This error was exacerbated, according to Union Pacific's argument, by including a paragraph in the instruction on contributory negligence which purported to distinguish contributory negligence from assumption of risk. Thus, Union Pacific's argument is grounded in the elementary proposition that a trial court should not give instructions which, though containing a correct statement of the law, are not applicable to any issue the jury is required to decide. *Prentiss v. Johnston*, 119 Colo. 370, 203 P.2d 733 (1949); *Cruz v. Union Pacific R.R. Co.*, *supra*. These arguments lack merit.

It is true, as the parties have pointed out in the briefs, that there is a substantial body of federal case law stating both that the refusal to give instructions on assumption of risk is not reversible error, *see Texas & Pacific Ry. Co. v. Buckles*, 232 F.2d 257 (5th Cir.1956), *cert. denied* 351 U.S. 984, 76 S.Ct. 1052, 100 L.Ed. 1498 (1956); *DePascale v. Pennsylvania R.R. Co.*, 180 F.2d 825 (3rd Cir.1950), and that the giving of such instructions on assumption of risk is not reversible error. *See Casko v. Elgin, Joliet & Eastern Ry. Co.*, 361 F.2d 748 (7th Cir.1966); *Wantland v. Illinois Central R.R. Co.*, 237 F.2d 921 (7th Cir.1956). We conclude that, here, evidence in the record justifies the trial court's instructions on this issue.

The purportedly offending paragraph in the contributory negligence instruction states:

"You may not find contributory negligence on the part of the plaintiff, however, simply because he acceded to the request or direction of the responsible representatives of his employer that he work at a dangerous job, or in a dangerous place, or under unsafe conditions."

This instruction augments the following instruction which quotes from § 4 of the FELA stating that the "employee shall not be held to have assumed the risks of his employment in any case where such injury ... resulted in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." This instruction served to dispel potential confusion of the jury arising from evidence in the record relating to the conditions under which Lamont was required to work and the necessity that he work where he did.

The testimony shows that the locomotive on which Lamont was working at the time of his injury had been placed over a three-foot pit which Lamont was required to get into in order to reach that area in the locomotive needing repair. He was required to stand in this severely restricted space with his torso extending up into the body cavity of the engine in order to reach the damaged portion. Although there is no

testimony that he was given a specific direction or order to work in this space, it was the only means available for reaching the repair site, and Lamont testified that he could not refuse to do the job without being insubordinate. Under these circumstances, it was entirely appropriate to give an instruction to the jury advising that Lamont could neither be held to have assumed the risk nor to have been contributorily negligent as a result of conditions extant at the job location.

## II.

█ Union Pacific also argues that the trial court erred in refusing to permit cross-examination of Lamont concerning his election to take old age retirement benefits rather than disability benefits. This evidence, according to Union Pacific, is admissible to impeach Lamont's testimony of his motives for early retirement. The trial court excluded the evidence based on CRE 403. We agree with this ruling.

CRE 403 permits the exclusion of evidence if its probative value is substantially outweighed by the danger of unfair prejudice. There are a plethora of reasons why a person might elect to receive retirement benefits over disability benefits other than the age or disabilities. Indeed, these inducements would have little to do with the question whether the retiree was in fact disabled. Hence, the admission of such evidence might easily confuse the issues or mislead the jury.

The rule of *Eichel v. New York Central R.R. Co.*, 375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307 (1963) supports this conclusion. It was there held that evidence of the receipt of collateral benefits is inadmissible because "the likelihood of misuse by the jury clearly outweighs the value of this evidence."

Union Pacific argues, nevertheless, that Lamont "opened the door" to at least a limited inquiry concerning the type of pension benefits he was receiving by testifying on direct examination that his injury forced him to retire five years earlier than he desired and that he had a conversation with

a man from the railroad retirement board. Union Pacific relies on the doctrine of curative admissibility set forth in *Colorado & Southern Ry. Co. v. Western Light & Power Co.*, 73 Colo. 107, 214 P. 30 (1923). We hold that this doctrine does not apply to the facts here. Lamont's single reference to a conversation with a man from the railroad retirement board is not sufficient evidence of the receipt by him of retirement benefits to justify introduction of impeaching evidence.

### III.

Union Pacific also argues that the evidence of damages was insufficient to support the jury's award, which Union Pacific argues is excessive. We disagree.

The determination of damages is within the sole province of the jury and will not be disturbed on review unless the verdict is so grossly and manifestly excessive as to indicate passion or prejudice. *Enright v. Groves*, 39 Colo.App. 39, 560 P.2d 851 (1977). The gravamen of Union Pacific's argument is that the record contains no evidence of permanent injury or future pain and suffering and that, accordingly, the jury must have awarded $175,000 in damages for "a feeling of fullness in the ear." The record shows, however, that, in addition to this uncomfortable feeling of fullness in his ear, Lamont also suffered some loss of hearing, a partial, but permanent, loss of the ability to taste, and a continuing problem with equilibrium and dizziness. In view of Lamont's life expectancy, we cannot say that the jury's award was excessive.

We have also considered Union Pacific's arguments that certain instructions on damages should not have been given because they are not supported by the evidence, and we find these arguments to be without merit.

The judgment is affirmed.

TURSI and METZGER, JJ., concur.