803 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RAYMOND PETERSON, Plaintiff-Appellant
v.
GRAND TRUNK WESTERN RAILROAD COMPANY, Defendant-Appellee.
 No. 85-1212.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1986.
 
 Before: LIVELY, Chief Judge, and JONES and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 The question in this FELA case is whether the trial judge should be found to have committed reversible error in denying a motion for mistrial, and giving a curative instruction instead, after counsel for the defendant railroad had made an allegedly improper reference to the plaintiff's old age pension. Finding no abuse of discretion in the trial court's action, we shall affirm.
 
 
 2
 * The plaintiff-appellant, Mr. Raymond Peterson, was 57 years old when he suffered the back injury out of which this case arose. He was employed by the plaintiff railroad as a brakeman-conductor before his accident, and was assigned to lighter duty afterward. After a few months he stopped working altogether.
 
 
 3
 In opening statement, Mr. Peterson's lawyer told the jury that railroading was Mr. Peterson's life and he had intended to work at it "until he was kicked out" - i.e., until he had to retire on account of age. The jury was also told that "financial insecurity" was one of a number of factors "working to worsen his overall health picture" after the accident.
 
 
 4
 Counsel for the railroad, in his opening statement, then told the jury that the proofs would show that Mr. Peterson suffered from health problems that would have required him to retire soon even if the accident had not occurred. Counsel added that the evidence would show that Mr. Peterson could have retired in a very short period of time "with a full pension, old age pension."
 
 
 5
 Mr. Peterson moved for a mistrial. The court denied the motion, but instructed the jury that "any mention of whether Mr, Peterson has a pension or doesn't have a pension, could get a pension, or hasn't got a pension is to be disregarded by you at this time."
 
 
 6
 The jury found that Mr. Peterson had been damaged in the total amount of $224,000; that both the railroad and Mr. Peterson had been negligent; that 50% of Mr. Peterson's damage was attributable to his own negligence; and that the amount of the damage caused by the railroad's negligence was $112,000. Judgment was entered in that amount, and Mr. Peterson, considering his recovery "low," asks us to send the case back for a new trial.
 
 II
 
 7
 Pension benefits to which a plaintiff may be entitled under the Railroad Retirement Act are normally treated as "collateral" benefits the existence of which may not properly be disclosed to the jury. Eichel v. New York Central Railroad Co., 375 U.S. 253 (1963). In the case at bar, however, the defendant railroad argues strenuously that Mr. Peterson's contention that but for the accident he would have worked until normal retirement age entitled the railroad to prove that he would have been pensioned off early even if the accident had never occurred. The validity of that argument is a question we need not reach, absent a cross appeal, because of our conclusion that in no event did the trial court abuse its discretion in letting the trial proceed with a curative instruction.
 
 
 8
 In Eichel the question was whether the trial court had committed prejudicial error in refusing to let the railroad introduce evidence of a disability pension to impeach the plaintiff's testimony on his motive for not returning to work. The question whether a cautionary instruction could cure any error that might have occurred had such evidence been received was not presented; the evidence was never introduced. Just such an issue was presented in Riddle v. Exxon Transportation Co., 563 F.2d 1103 (4th Cir. 1977), however, and the court in that case, after an extensive review of the authorities, found it to be "settled" law that error in the introduction of evidence relating to collateral benefits may be cured, "in a proper case," by a cautionary instruction. "Whether, under the circumstances of the particular case the error has been cured by a cautionary instruction is normally 'a matter for the proper exercise of the sound discretion of the trial court,"' the Court of Appeals stated, "and 'only in the event of a manifest abuse of judicial discretion should the appellate court interfere,' with the exercise of that discretion. This is so because the trial judge can best evaluate the atmosphere of the trial and the possibility of prejudice." 563 F.2d at 1108-09 (footnotes omitted).
 
 
 9
 We agree. Finding no "manifest abuse of judicial discretion" in the instant case, we believe that the judgment of the trial court should be, and it hereby is, AFFIRMED.