Jack Ken MILLS, Plaintiff–Appellant,

v.

ENERGY TRANSPORTATION
CORPORATION, Defendant–
Appellee.

Docket No. 00–7428.

United States Court of Appeals,
Second Circuit.

March 1, 2002.

Paul C. Matthews, New York, NY, for Plaintiff–Appellant.

Joseph T. Stearns, Kenny & Stearns, New York, NY, for Defendant–Appellee.

Present VAN GRAAFEILAND, KATZMANN, Circuit Judges, and KORMAN,[1] Chief District Judge.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff appeals from a jury verdict awarding him $193,750 in lost earnings, but nothing for pain and suffering, in connection with injuries he incurred in the course of his work as an employee of defendant aboard defendant's vessel. Plaintiff seeks a new trial on three grounds. First, he alleges that it was reversible error for the district court to admit evidence with respect to plaintiff's application to the Social Security Administration for, and his receipt of, disability benefits. Second, he challenges the district court's failure to give the jury a limiting instruction with respect to the evidence of these collateral benefits. Third, he contends that the award of lost earnings cannot be logically reconciled with the absence of any award for pain and suffering, and that this irreconcilability warrants a new trial. For the reasons that follow, we affirm the judgment in the district court.

■■■ Plaintiff contends that *Eichel v. New York Central R.R.*, 375 U.S. 253, 255, 84 S.Ct. 316, 11 L.Ed.2d 307 (1963) mandates the exclusion of the collateral benefits evidence that the defendant was permitted to introduce at trial. However, *Eichel* does not establish an absolute bar against the admission of such evidence for purposes other than mitigation of damages. *See Santa Maria v. Metro–North Commuter R.R.*, 81 F.3d 265, 272–73 (2d Cir.1996); *McGrath v. Consolidated Rail Corp.*, 136 F.3d 838, 840–41 (1st Cir.1998); *Simmons v. Hoegh Lines*, 784 F.2d 1234, 1237 (5th Cir.1986). In this case, the evidence was introduced in support of defendant's theory that plaintiff's claim was part of a fraud designed to secure compensation from the Social Security Administration and from defendant. We do not believe that the District Court abused its discretion in determining that the probative value of the evidence was not substantially outweighed by the prejudicial effects of the evidence. See Fed.R.Evid. 403.

■■■ Because plaintiff failed to raise its jury instruction challenge in the District Court, we review the jury instructions for plain error. *Abou–Khadra v. Mahshie*, 4 F.3d 1071, 1078 (2d Cir.1993). We do not believe that it was plain error for the District Court not to instruct the jury that it should not allow the mere fact that plaintiff was receiving disability benefits to affect its deliberations, especially because the District Court specifically instructed the jury that the amount of any damages award should not be reduced in any way by the disability payments.

We reject plaintiff's argument that the award of lost earnings cannot be logically reconciled with the absence of any award for pain and suffering for the reasons stated in the District Court's Memorandum and Order dated September 28, 2001.

---

**1.** The Honorable Edward R. Korman of the United States District Court for the Eastern District of New York, sitting by designation.

The judgment of the district court is AFFIRMED.