**Jack Ken MILLS, Plaintiff–Appellant,**

v.

**ENERGY TRANSPORTATION CORPORATION, Defendant–Appellee,**

**Edward M. Katz, Paul Matthews, Intervenors–Plaintiffs.**

**Docket No. 01–9301.**

United States Court of Appeals, Second Circuit.

Sept. 19, 2002.

Jack Ken Mills, pro se, Port St. Lucie, FL, for Appellant.

Noreen D. Arralde (Joseph T. Stearns, on the brief), Kenny, Stearns & Zonghetti, New York, NY, for Appellee.

Present VAN GRAAFEILAND, JACOBS and POOLER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be, and it hereby is, **AFFIRMED.**

Jack Ken Mills, *pro se*, appeals from the denial of his Rule 60(b) motion for a new trial.

In 1996, Mills, represented by counsel, won a jury award of $193,750 in damages against defendant, his former employer, for lost earnings arising from a slip and fall aboard one of the defendant's vessels. Mills appealed the jury award insofar as it denied a recovery for loss of future earnings, pain and suffering, or medical expenses. By summary order, this Court rejected each of Mills's arguments and affirmed the judgment. *Mills v. Energy Transp. Corp.*, 29 Fed.Appx. 744 (2d Cir. 2002) (unpublished summary order).

Prior to this Court's ruling on his direct appeal, Mills filed a *pro se* motion in the district court for a new trial pursuant to Federal Rule of Civil Procedure 60(b), which was denied.

We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. *Malik v. McGinnis*, 293 F.3d 559, 561 (2d Cir.2002). "An appeal from an order denying a Rule 60(b) motion brings up for review only the denial of the motion and not the merits of the underlying judgment for errors that could have been asserted on direct appeal." *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir.1991). It is evident that the Rule 60(b) motion was an effort to relitigate the underlying judgment. All of the grounds raised before the district court could have been presented to this Court on direct appeal. Mills filed his *pro se* Rule 60(b) motion for a new trial even before this Court heard oral argument in the direct appeal. The district court therefore did not abuse its discretion in denying Mill's Rule 60(b) motion.

Mills advances two arguments on this appeal that were not presented in any previous proceeding. Infrequently, we have exercised our discretion to hear claims not decided first by the district

court, *see, e.g., Malik,* 293 F.3d at 561 n. 1, but this case does not present a reason to depart from the general rule. Mills's new contentions are based on purported errors made at his original trial. Although Mills is now before us *pro se,* he had counsel in his direct appeal and that was the proper time to raise these issues.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**