Isidra ORTÍZ–LEBRÓN,
et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civil No. 10–1513 (PAD).

United States District Court,
D. Puerto Rico.

Signed Sept. 24, 2014.

A.J. Bennazar–Zequeira, Bennezar, Garcia & Millan, CSP, Jane A. Becker–Whitaker, Jane Becker Whitaker, PSC, San Juan, PR, for Plaintiffs.

Jeremy S. Brumbelow, United States Department of Justice, Mary Hampton Mason, Glenn S. Greene, Washington, DC, Ginette L. Milanes, U.S. Attorney's Office, San Juan, PR, for Defendant.

### OPINION AND ORDER

PEDRO A. DELGADO–HERNÁNDEZ, District Judge.

This is an action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680 ("FTCA"), predicated upon the death of a Puerto Rico Police Officer as a result of a federal agent's alleged negligence. Before the Court are plaintiffs' "Cross Request to Exclude Evidence of Payment from Collateral Source" (Docket No. 234); plaintiffs' "Supplemental Motion Asserting that Defendant is not entitled to a Credit for the Death Benefits Received by the Parents of decedent Orlando González–Ortíz" (Docket No. 279); and "Defendant United States of America's Memorandum in Support of its Offset Defense" (Docket No. 283).

For the reasons explained below, the plaintiffs' motions are **DENIED** and defendant's motion **GRANTED**. Accordingly, the United States may deduct from any compensation it were required to provide to the decedent's parents after trial, amounts paid to them under the federal Public Safety Officers' Benefits Act, 42 U.S.C. § 3796 ("PSOB Act").

## I.  BACKGROUND

Plaintiffs Isidra Ortíz–Lebrón and Angel González–González—the decedent's parents—received $303,064.00 under the PSOB Act. They contend the collateral source doctrine would prevent the United States from deducting that amount from any monetary compensation it were required to pay to them following trial. In turn, the United States argues that the collateral source doctrine would not operate to prohibit the setoff, because in the circumstances of this case the defendant cannot be considered collateral to itself.

## II.  DISCUSSION

The collateral source doctrine, "as a general rule, bars a tort-feasor from deducting, from the amount of the corresponding indemnity, the compensation or benefits which the prejudiced party may have received from a third person or entity, this is, from a source not related with the defendant, denominated collateral source rule." *Futurama Import Corp. v. Trans Caribbean*, 104 D.P.R. 609 (1976). Under the FTCA, the substantive law of the state where the injury occurred governs. *Wojciechowicz v. U.S.*, 582 F.3d 57, 66 (1st Cir.2009). For these purposes, Puerto Rico is treated as a state. *Id.*

In this regard, the Restatement (Second) of Torts provides in pertinent part that "[p]ayments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable." Rest 2d Torts § 920A(2). Conversely, "[a] payment made by a tortfeasor or by a person acting for him to a person whom he has injured is credited against

his tort liability, as are payments made by another who is, or believes he is, subject to the same tort liability." *Id.* at § 920A(1).

■ In the context of cases arising under the FTCA, courts have distinguished "between those benefits that come from unfunded general revenues of the United States (deductible) and those that come from a special fund supplied *in part* by the beneficiary or a relative upon whom the beneficiary is dependent (nondeductible)." *Siverson v. U.S.,* 710 F.2d 557, 560 (9th Cir.1983). Thus, "[a]bsent a special payment by plaintiff, the government should not be forced to compensate plaintiff twice, once with money funneled through a special compensation scheme, and again with expenditures from general revenues." *Overton v. U.S.,* 619 F.2d 1299, 1309 (1980).

The PSOB Act authorizes the Bureau of Justice Assistance to pay a monetary benefit to certain surviving relatives of a "public safety officer" who has died because of an injury sustained in the line of duty. 42 U.S.C. § 3796(a). Monies disbursed pursuant to the PSOB Act derive from the general fund of the United States' Treasury. *See, The Consolidated and Further Continuing Appropriations Act,* Pub.L. No. 112–55, § 4, 125 Stat. 552, 618 (2012). Benefits under the PSOB Act are considered legal gratuities as opposed to a statutory right. *See,* 28 C.F.R. § 32.0. As such, public-safety officers are not required to make any type of contribution in order to qualify for benefits under the PSOB.

■ In these circumstances, the funds disbursed to Ortíz–Lebrón and González–González under the PSOB Act, were not paid by a collateral or an independent third party as required by the collateral source doctrine. Rather, they were paid by the United States, which is both the alleged tortfeasor and sole defendant in the instant case. Moreover, the benefits were paid as part of a special compensation fund, which in turn is supported by the general funds of the United States Treasury Department. Also, the reason for Ortíz–Lebrón's and González–González' having received PSOB Act benefits is due to their son's death, the same reason for which the instant action was filed.

None of the reasons warranting denial of defendant's setoff defense require a different result. This is so, because neither the decedent nor any of his relatives sponsored the PSOB Act fund from which they have now received benefits as a result of the decedent's passing. If that were the case, then the defendant would not be entitled to offset the amounts paid. *See, United States v. Price,* 288 F.2d 448 (4th Cir.1961)(finding that benefits paid out of the Civil Service Retirement Act, a special fund were citizen participation was compulsory, were a collateral source, and thus need not be deducted).

Plaintiffs claim support in *Sloas v. CSX Transp. Inc.,* 616 F.3d 380 (4th Cir.2010); *Crowther v. Consolidated Rail Corp.,* 680 F.3d 95 (1st Cir.2012); and *Eichel v. New York Central R. Co.,* 375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307 (1963). Upon careful review, the Court finds these cases to be clearly distinguishable from the case at hand. First and foremost, they deal directly with the Railroad Retirement Act, 45 U.S.C. § 201 *et seq.* a "collateral social insurance benefit" *Eichel,* 375 U.S. at 255, 84 S.Ct. 316, as opposed to a legal gratuity like the PSOB Act. Most importantly, these cases involve private employers seeking offset from benefits that plaintiffs had received from a third party. In the instant case, the plaintiffs received benefits under PSOB Act from the same defendant they now sue.[1]

### III. CONCLUSION

In light of the foregoing, the Court **DENIES** plaintiffs' request at Docket No. 234, **DENIES** plaintiffs' "Supplemental Motion Asserting that Defendant is not entitled to a Credit for the Death Benefits Received by the Parents of decedent Orlando González–Ortíz" (Docket No. 279) and **GRANTS** "Defendant United States of America's Memorandum in Support of its Offset Defense" (Docket No. 283).

The United States may offset the monies disbursed under the PSOB Act in the event that plaintiffs Ortíz–Lebrón and González–González receive any kind of compensation upon the completion of trial.[2] The offset will be limited to the aforementioned plaintiffs, and will not be applicable to any indemnity that co-plaintiff Angel González–Ortíz may receive after trial, if any.

**SO ORDERED.**

---

1. On one final note, plaintiffs' supplemental motion mainly relies on two cases from the Puerto Rico Supreme Court, to wit, *Nieves Cruz v. U.P.R.,* 151 D.P.R. 150 (2000), and *Goose v. Hilton Hotels,* 79 D.P.R. 523 (1956). Because *Nieves* lacks its corresponding English translation, the Court is unable to consider it under binding First Circuit precedent. *See, Puerto Ricans for Puerto Rico Party v. Dalmau,* 544 F.3d 58, 67 (1st Cir.2008). While plaintiffs submitted an English translation for *Goose* at Docket No. 286, the same is incomplete. The document lacks the complete content of the odd-numbered pages. For that reason, the Court must disregard this case as well.

2. This ruling should not be interpreted as an indication that plaintiffs are entitled to any compensation. That issue will be ultimately resolved by the Court after evaluating the evidence and arguments to be presented at trial.