\* MOSES P. HARDING v. TOWN OF TOWNSHEND.

*Highways. Damages. Insurance.*

A town liable for damages occasioned by the insufficiency of a highway is not entitled to have deducted the amount received by the plaintiff from an insurance company on account of the injuries for which he claims to recover against the town.

THIS was an action on the case for damages sustained by the plaintiff by reason of an insufficiency of a highway of the defendant. Trial September term, 1869, BARRETT, J., presiding.

Upon the trial, the contest was wholly with reference to the amount of damages the plaintiff was entitled to recover.

The plaintiff was a witness, and on cross-examination the defendant asked him if he had not received money from an accident insurance company on account of the injuries for which he claimed to recover, to which the plaintiff objected, but the court overruled the objection and permitted the inquiry to be put and answered, to which the plaintiff excepted. The plaintiff answered that he had received $130, and that the expenses of the insurance were $7. At the request of the defendant, the court charged the jury that the $123, the net proceeds of the insurance, should be deducted from the damages sustained by the plaintiff, to which the plaintiff excepted.

This ruling was made upon an understanding that in case it should be reversed, the sum of $123 should be added to the verdict and final judgment rendered for the amount in the supreme court. Verdict for the plaintiff for $1,913.31.

*H. E. Stoughton*, for the plaintiff.

*A. Stoddard*, for the defendant.

The plaintiff is entitled to have from the town the damage which he sustained by reason of the insufficiency of the highway. The statute provides an indemnity to the traveler against such accidents as happen by reason of such insufficiency. This damage was to be ascertained from the state of things as they existed at the time of trial. But the plaintiff can have damage but once. *Chamberlin et al.* v. *Murphy et al.*, 41 Vt., 110; *Bird* v. *Randall*, 3 Burr., 44–46; *Yates* v. *Whyte*, 4 Bing. N. C., 272, (33 E. C. L., 349).

At the time of trial the plaintiff had received from an accident insurance company, clear of charges, $123. This payment must have been made with knowledge, actual or presumed, of the liability on the part of the town, and should operate as conclusive of the rights of the company to recover the money back of Harding. If this be so, the $123 was properly deducted.

I am aware that in the case of *Yates* v. *Whyte et al.*, which was a case of collision of vessels, it was held that the defendants

were not entitled to deduct from the amount of damages a sum paid by the insurers in respect to such damage. That case went upon the ground that the wrong-doer should be liable rather than the insurance company, who were not in fault, and whose contract was one of indemnity. But in this case there seems to be no ground for the distinction there made, inasmuch as the town can hardly be said to be guilty of a wrong in the sense there imputed. In *Hicks* v. *Abergavenny & Hereford R. R.*, 4 Best & Smith, cited by Sedgwick, Lord CAMPBELL held and instructed the jury to deduct from the amount of pecuniary loss sustained by the family the insurance they would be entitled to receive on a policy on the life of the deceased against accidents by railway. Sedgwick on Damages, 5th ed., 646, note.

The opinion of the court was delivered by

PECK, J. There is no technical ground which necessarily leads to the conclusion that the money received by the plaintiff of the accident insurance company should operate as a defense, or enure to the benefit of the defendant. The insurer and the defendant are not joint tortfeasors or joint debtors so as to make a payment or satisfaction by the former operate to the benefit of the latter. Nor is there any legal privity between the defendant and the insurer so as to give the former a right to avail itself of a payment by the latter. The policy of insurance is collateral to the remedy against the defendant, and was procured solely by the plaintiff and at his expense, and to the procurement of which the defendant was in no way contributory. It is in the nature of a wager between the plaintiff and a third person, the insurer, to which the defendant was in no measure privy, either by relation of the parties or by contract or otherwise. It cannot be said that the plaintiff took out the policy in the interest or behalf of the defendant; nor is there any legal principle which seems to require that it be ultimately appropriated to the defendant's use and benefit.

But it is urged, on the part of the defense, that the plaintiff is entitled to but one satisfaction for the injury he has sustained. If we assume this to be a correct proposition, the question arises

whether the defendant stands in a condition to make this objection. This depends on the question who, as between the insurer and the defendant, ought to pay the damage—which of the two ought primarily to make compensation to the plaintiff and ultimately to bear the loss ? If the insurer ought ultimately to bear the loss, the defendant is entitled in this action to have the benefit of that payment ; but if the defendant should ultimately bear the loss, then the payment by the insurer and the collection of the entire damage of the defendant only creates an equity between the plaintiff and the insurer, to be ultimately adjusted between them, in which the defendant has no interest, and with which he has no concern. The statute imposes upon the towns severally the duty of keeping their highways in good and sufficient repair, and makes each town liable for any special damage happening to any person by reason of the insufficiency or want of repair of any highway in such town. The defendant is found liable in consequence of the breach of this duty. The defendant town, therefore, in respect to the injury the plaintiff has sustained, is the wrong-doer ; and whether such by some positive, affirmative act, or by culpable negligence, does not vary the principle applicable to the case. In such case, as between the insurer and the wrong-doer, in reason and justice the burden of making compensation to the injured party ought to be ultimately borne by the party thus in fault. The party whose wrongful act or culpable negligence caused the injury ought to make compensation and bear the loss. Therefore, if there is any such connection between these two remedies as to have the enforcement of one operate in defense or mitigation of the other, it is the insurer, and not the town, that should be entitled to this benefit. It would seem to be a perversion of justice to subrogate the wrong-doer, who has caused the loss, to the rights of the injured party as to his remedy against the insurer. But it is not uncommon that the insurer, who has paid the loss, is put in place of the insured and subrogated to his rights in respect to his remedies against others for the injury. *Randal* v. *Cockran*, 1 Vesey, sen., 98, is an instance of the application of this principle in equity.

In principle the question involved in this case has been settled in analagous cases. In *Mason* v. *Sainsbury*, 3 Doug., 61, it was

held that in an action against the Hundred under stat. Geo. I., to recover for the destruction of the plaintiff's house by a mob, the fact that the plaintiff had received the amount of his loss from the insurer would not avail the defendant in defense. In that case it appeared that the action was prosecuted for the benefit of the insurer; but it establishes the principle that the right of the insurer is paramount to that of the wrong-doer, *or one in place of the wrong-doer.* So in *Clark* v. *The Inhabitants of the Hundred of Blythiny,* 2 B. & C., 254, (9 E. Com. L., 77,) it was decided that the owner of certain stacks of hay and corn which were maliciously set on fire, who had received the amount of his loss from an insurance office, could nevertheless recover the amount in an action against the Hundred under the stat. Geo. I. In the case at bar, the town is certainly no less to be regarded as in fault for the insufficiency of its highways, than the Hundred for crimes committed by individuals within its limits. In *Yates* v. *Whyte, and others,* 33 E. Com. L. R., 349, (4 Bing. New Cases, 272,) in an action for damage to plaintiff's ship by collision with defendant's ship, it was held defendant was not entitled to deduct from the amount of damages a sum paid to plaintiff by insurers in respect to such damage. The same decision was made in a similar case of collision of vessels, *The Propeller Monticello* v. *Gilbert Mollison, in Admiralty,* 17 How., 152. In that case there had been an abandonment to the insurers and an acceptance of the abandonment by the insurers, who had paid the insurance prior to the filing of the libel; and GRIER, J., says that the doctrine, that in such case the fact that the injured party has received satisfaction from insurers cannot avail the defendant, is well settled at common law, and received in courts of admiralty. We are referred by defendant's counsel to *Bird* v. *Randall,* 3 Burr., 1345, in support of the proposition that the defendant can avail himself of such payment. But in that case the plaintiff, having sued and collected of the servant the full stipulated penalty as damages for permanently abandoning his service, it was held that the plaintiff could not afterwards recover of the defendant for procuring or enticing the servant thus to abandon his master's service. In that case the servant and defendant were both wrong-doers, and in

principle stood in the relation of joint tortfeasors, and hence the one who did the act that caused the injury having made full satisfaction therefor, the other could not be held liable for the same injury for having aided in procuring the servant to do the wrongful act. The only case which I find, which seems to favor the application of the insurance money in reduction of the damages, is what is said in a note to *Pym, Adm'r*, v. *The Great Northern Railway Company*, 4 B. & S., 396, (116 E. C. L. R.,) decided in 1863, in the Exchequer Chamber, on appeal from the decision of the court of Queen's Bench. It was an action upon 9 and 10 Vict., ch. 93, by the plaintiff as the widow and administratrix of her husband, to recover for the pecuniary loss to herself and his children from his death caused by the negligence of the defendant. The right to deduct insurance money from the damages was not involved in that case, but it seems from what is said in that case by the defendant's counsel in reply to a question by POLLOCK, C. B., that there was no case under that statute where, in estimating the damages, notice had been taken of life insurances left behind by the deceased, except an unreported case at *nisi prius*, *Hicks* v. *The Newport, Abergavenny & Hereford Railway Company*, in which it is said by defendant's counsel that Lord CAMPBELL held that in such action upon that statute a deduction should be made from the damages on account of such insurance ; and in a note is stated what purports to be the charge of Lord CAMPBELL to the jury in that case, in 1857, directing them to deduct a sum received on an insurance against accidents by railways, and allowing them, if they thought proper, to make a deduction on account of other insurances on the life of the deceased. The facts are not stated otherwise than as they may be inferred from what is given of the charge. If this *nisi prius* case is not distinguishable from the cases above referred to, it cannot be regarded as of equal authority ; nor can we regard it as controlling the decision of the case at bar. But there is a distinction between that case under the English statute, and the case at bar and other cases referred to. Under that English statute the action is not brought by the deceased, the party upon whom the injury was directly inflicted, nor is the recovery for the same cause of action that the

deceased would have had, had he survived; but the statute gives a new cause of action based on a different principle. The recovery is not for the damages which the deceased might have recovered had he survived, but is solely for the pecuniary loss the persons for whose benefit the action is brought—" *the wife, husband, parent and child of the person whose death shall have been so caused* "—sustain by such death. In such case, in estimating the pecuniary loss to the family, which they have sustained by the death of the father, it might be less objectionable to take into consideration an insurance on his life which he left for their special benefit, *not procured by them or at their expense*, than to give the defendant the benefit of the insurance in the case at bar. But still, if to be considered at all, it is more reasonable to hold that the superior equity is in the insurers who pay the loss. And in *Althorp, Adm'r*, v. *Wolfe*, 22 Smith, 355, it appears to be regarded as settled by the court of appeals, that under the New York statute, which is in substance like the English statute above mentioned, the fact that the widow received an amount insured upon the life of her husband for the benefit of the wife, cannot be taken in reduction of damages recoverable under the statute for her benefit. This seems to be the more reasonable doctrine, and most in harmony with principles established by the decided cases.

Judgment of the county court reversed, and judgment for the plaintiff for the amount of the verdict, and the $123 to be added thereto.