## CIRCUIT COURT OF THE CITY OF RICHMOND

Shirley A. Walker

v.

Ricky Long, Jr.

October 20, 1993

Case No. LU-3591

BY JUDGE RANDALL G. JOHNSON

This personal injury case is before the court on defendant's motion in limine. At issue is whether plaintiff may recover medical expenses incurred as a result of defendant's negligence, but which were subsequently discharged in bankruptcy. I hold that she may not.

The argument in favor of allowing a recovery under the circumstances of this case is based on Virginia's collateral source rule. Under that rule, a tortfeasor will not be relieved of any part of his liability to compensate a plaintiff for losses sustained as a result of the wrongdoer's negligence even though such losses are also paid for by some entity other than the plaintiff. See, e.g., *Schickling v. Aspinall*, 235 Va. 472, 369 S.E.2d 172 (1988); *Sykes v. Brown*, 156 Va. 881, 159 S.E.2d 202 (1931). As explained in *Schickling*, the rule is designed to strike a balance between two competing principles of tort law:

> (1) a plaintiff is entitled to compensation sufficient to make him whole, but no more; and (2) a defendant is liable for all damages that proximately result from his wrong. A plaintiff who receives double recovery for a single tort enjoys a windfall; a defendant who escapes, in whole or in part, liability for his wrong enjoys a windfall. Because the law must sanction one windfall and deny the other, it favors the victim of the wrong rather than the wrongdoer.

235 Va. at 474-75 (footnote omitted).

I do not believe that the above rationale applies to this case. First, unlike true collateral-source cases, plaintiff's double recovery here would result not from plaintiff's status at the time of the accident or treatment, but from an act of plaintiff taken after treatment was rendered. For example, where insurance pays a plaintiff's medical bills, such insurance must normally be in place at the time of injury and, certainly, at the time of treatment. Similarly, free treatment at a government hospital is based on a patient's status at the time of treatment; for example, being a veteran or, as in *Rayfield v. Lawrence*, 253 F.2d 209 (4th Cir. 1958), being an active member of the armed forces. Here, however, it is not plaintiff's status at the time of the accident or treatment which would give her a double recovery. Instead, it is her positive act after treatment, to wit, filing bankruptcy.

Second, those cases which recognize the collateral source rule almost always talk about expenses which are actually *incurred*, that is, expenses for which the plaintiff is ultimately liable. Thus, while an insurer or employer may actually pay the plaintiff's medical bills, it is still the plaintiff who is responsible for those bills if they are not paid. Here, no one is responsible for plaintiff's bills since they will never be paid at all.

Third, the very term "collateral source" implies a source of *payment*. Again, there will be no payment here and, thus, no "collateral source."

Finally, while this appears to be a case of first impression in Virginia, I note the following language from the few cases which I am able to find from other jurisdictions on this issue:

> We further agree with [defendant] that were we to hold for [plaintiff] on this issue, we might encourage some plaintiffs to declare bankruptcy so that payment intended for medical providers could be transferred to the plaintiff instead. Such a windfall is unlike those in mine-run collateral source cases because the third party either gratuitously or by contract is providing the benefit. Here, the medical care providers are not providing a windfall at all and certainly not by reason of any gratuity or contract. It would be poor public policy to encourage bankruptcies for this purpose. We do not insinuate that [plaintiff] filed bankruptcy for this purpose. We simply conclude that holding to the contrary might encourage the filing of bankruptcies in the future.

*Oliver v. Heritage Ins. Co.*, __ Wis. 2d __, No. 92-2934, 1993 Wisc. LEXIS 1083, at *29-31 (Wis. Ct. of App. Aug. 25, 1993); *contra Sibley v. Nason*, 196 Mass. 125, 81 N.E. 887 (1907) (Plaintiff's medical bills *can* be claimed against a tortfeasor even though already discharged in bankruptcy).

I share the Wisconsin court's concern. Specifically, while the collateral source rule admirably encourages all of us to obtain insurance and/or to negotiate for added employee benefits and while the rule prevents a tortfeasor from escaping liability for a debt which a third party pays on a plaintiff's behalf, I do not believe that there should be a judicial rule which encourages, however minimally, a plaintiff to file bankruptcy and still receive money for payment of debts which the bankruptcy will have discharged. Accordingly, plaintiff may not recover from the defendant payment of medical bills which have been discharged by plaintiff's bankruptcy here.

(The court notes that at oral argument, counsel for both parties stated their understanding that certain liens of medical providers, less than the amounts of their bills, survive bankruptcy and that plaintiff *is* entitled to recover the amount of those liens assuming, of course, a plaintiff's verdict. The question then arose as to how that issue would be presented to a jury: that is, would the jury be told about the bankruptcy, or only that the law restricts plaintiff's recovery to the lien amounts, or something else? Since I do not know at this point whether I will be the trial judge in this case, it would be inappropriate for me to rule on that issue, and it is deferred to the actual trial judge.)

### *Order*

This cause came on October 19, 1993, to be heard on defendant's motion in limine to preclude plaintiff from recovering medical expenses which have been discharged in bankruptcy and was argued by counsel. Upon consideration whereof and for the reasons stated in the letter opinion dated this date, it is ordered that defendant's motion is granted, and plaintiff is precluded from recovering from defendant any sum for medical expenses which have been discharged in bankruptcy. The exceptions of the plaintiff are noted. A copy of this order is mailed to counsel of record on today's date.