A00A2310. OLARIU v. MARRERO.
(549 SE2d 121)

ANDREWS, Presiding Judge.

On March 1, 1997, Carmen Marrero was injured when the truck in which she was a passenger collided with a vehicle driven by Ovidiu Olariu. She sued Olariu for personal injury and loss of consortium. The jury found for Marrero and awarded damages. On appeal, Olariu challenges Marrero's recovery of past medical expenses written off by the health care provider or discharged in bankruptcy. Olariu also claims that the trial court erred in charging the jury on lost earnings and by failing to grant his motion for judgment notwithstanding the verdict on the issue of lost earnings. For reasons set forth below, we reverse the trial court's ruling allowing Marrero to recover medical expenses previously discharged in bankruptcy, but otherwise affirm.

1. The jury awarded Marrero $36,620.20 in past medical expenses.[1] To show medical costs, Marrero introduced a bill for her

---

[1] The jury also awarded Marrero $38,250 for future medical expenses, $25,000 for past lost earnings, $100,000 for future lost earnings, $25,000 for past pain and suffering, and

initial treatment at Gwinnett County Medical Center in the amount of $21,770.42. Before the trial, Olariu deposed a medical center employee who testified that Marrero's $21,770.42 bill had been partially written off by the hospital and that $1,500 remained payable by Marrero. Marrero filed a motion in limine to exclude the deposition. The trial court found that the reduction of Marrero's hospital bill was equivalent to a recovery from a collateral source and excluded from evidence any reference to the hospital's write-off of Marrero's initial medical bill.

> The common law rule in Georgia bars the defendant from presenting any evidence as to payments of medical, hospital, disability income, or other expenses of a tortious injury paid for by a plaintiff, governmental entity, or third party and taking credit towards the defendant's liability in damages for such payments, because a tortfeasor is not allowed to benefit by its wrongful conduct or mitigate its liability by collateral sources provided by others. The common law rule made no exceptions for the introduction of evidence as to a collateral source, which rule remains applicable today.

(Citations omitted.) *Candler Hosp. v. Dent*, 228 Ga. App. 421 (491 SE2d 868) (1997). See also *Ins. Co. of North America v. Fowler*, 148 Ga. App. 509, 511 (2) (251 SE2d 594) (1978), overruled on other grounds, *Seaboard Coast Line R. v. Mobil Chemical Co.*, 172 Ga. App. 543, 544 (1) (323 SE2d 849) (1984).

The trial court found *Candler Hosp.*, supra, to be controlling. There, the plaintiff sued the defendant hospital for malpractice. We agreed with the lower court that the hospital's write-off of plaintiff's medical expenses must be treated as a collateral source and that the plaintiff could prove all medical expenses undiminished by the write-off. We also held that the defendant hospital must be allowed to apply its write-off of the plaintiff's medical bills as a credit against a specific award of medical expenses. Id. at 422.

Olariu argues that Marrero would benefit unjustly from an award of medical expenses unless Olariu were allowed to present evidence of the write-off of medical expenses to the jury or, alternatively, Marrero was prohibited from recovering medical expenses which had been written off.

Georgia law prohibits presentation to the jury of payment of damages by a collateral source. *McDonald v. Simmons*, 207 Ga. App. 692 (428 SE2d 690) (1993). *Candler Hosp.* establishes that a write-off of medical expenses is a collateral source of payment. The trial court

---

$10,000 for future pain and suffering.

did not err in granting Marrero's motion in limine to exclude evidence of the write-off.

Olariu's argument that Marrero should not be allowed to recover medical expenses written off by the hospital runs counter to the general rule that a defendant is not entitled to a credit for collateral payments to the plaintiff. See *Cincinnati &c. R. Co. v. Hilley*, 121 Ga. App. 196, 199-201 (173 SE2d 242) (1970). This is in contrast to a prior payment to the plaintiff made by or on behalf of the defendant or a joint tortfeasor. The holding in *Candler Hosp.* is that a "plaintiff can recover from the jury all special damages provable, but cannot receive in judgment again what has already been paid by the defendant or on the defendant's behalf by an insurer." *Candler Hosp.*, 228 Ga. App. at 423. The set-off in *Candler Hosp.* prevented a double recovery against the defendant, but Olariu has made no prior payments to Marrero with respect to her medical costs.

Olariu is not liable to pay Marrero's medical expenses twice, but the existence of a collateral source will not accrue to his benefit and allow him to avoid these otherwise payable damages. "Georgia does not permit a tortfeasor to derive any benefit from a reduction in damages for medical expenses paid by others, whether insurance companies or beneficent boss or helpful relatives." *Bennett v. Haley*, 132 Ga. App. 512, 522 (16) (208 SE2d 302) (1974). Olariu is not entitled to use a third party's write-off of medical expenses as a set-off against Marrero's recovery of past medical expenses.

2. (a) Olariu argues that the trial court erred in allowing Marrero to recover any portion of her medical bills which had been previously discharged in bankruptcy. We agree. The question of whether or not medical expenses discharged in bankruptcy should be treated as a collateral source of payment is one of first impression. Marrero cites *Crozier v. State*, 233 Ga. App. 831 (506 SE2d 139) (1998) to support her argument that a plaintiff's discharge of medical expenses in bankruptcy should not relieve a defendant from responsibility for those costs. *Crozier*, however, involves a payment in criminal restitution rather than a tort claim and is not controlling. Although a reasonable argument can be made for treating debts discharged in bankruptcy as subject to the "collateral source rule," we hold that a plaintiff may not recover in tort special damages for medical expenses previously discharged in bankruptcy. There are two compelling reasons for so holding. First, the effects of a bankruptcy do not constitute a "collateral source" at all. There is no third party acting as an additional source of recovery. Debts in bankruptcy become unrecoverable by operation of law. See 11 USC § 524 (a) (2). In contrast, a collateral source is generally a third party which has voluntarily provided a benefit through a bargained-for agreement, such as an insurer or as a gratuity. See *Bennett v. Haley*, supra; *Smith v. Jer-*

*nigan*, 42 Va. Cir. 395 (1997). The second reason for not extending the collateral source rule is that to hold otherwise might encourage bankruptcy, which is not consistent with public policy. See *Oliver v. Heritage Mut. Ins. Co.*, 179 Wis.2d 1, 22-23 (505 NW2d 452) (1993). Accordingly, a plaintiff may not collect damages for medical expenses previously discharged in bankruptcy; provided, this shall not limit the rights of plaintiff's trustee in bankruptcy.

As the trial court's rulings are inconsistent with the foregoing, the judgment must be reversed in part and the case remanded with direction that the trial court determine the amount of Marrero's medical bills which were discharged in bankruptcy and to set off that amount against the jury's award of past medical expenses.

(b) The trial court was correct in excluding from consideration by the jury any evidence that a portion of Marrero's medical bills had been discharged by bankruptcy. Even though we hold that medical expenses discharged through bankruptcy may be credited against a plaintiff's recovery of special damages for medical expenses, the discharge is nevertheless irrelevant to a jury's determination of these damages and may be prejudicial as well.

3. (a) The jury awarded Marrero $25,000 in lost past earnings and $100,000 in lost future earnings. Olariu claims the trial court erred in denying his motion for judgment n.o.v. on the issue of Marrero's lost earnings. We disagree. Lost wages and earnings are recoverable where the evidence shows the amount of loss with reasonable certainty. *Douglas v. Rinker*, 134 Ga. App. 949 (216 SE2d 629) (1975). Loss of future earnings is recoverable where evidence is presented on the permanency of plaintiff's injury, the effect of injury on earnings, and the monetary amount thereof. *Gilbert v. Parks*, 140 Ga. App. 550 (1) (a) (231 SE2d 391) (1976).

> "Based on evidence of what the plaintiff was able to do before and after the injury, the nature and percentage of permanent impairment, and the value of the services before the injury, a jury may make an award as compensation for diminished earning capacity, whether or not the evidence establishes with any exactitude the lost future earnings."

*Ga. Farmers' Market Auth. v. Dabbs*, 150 Ga. App. 15, 19 (8) (256 SE2d 613) (1979). A recovery for "loss of future earnings" is available where there is proof of loss of definite earnings that would have been received in the future but for an injury, even though the injury is not permanent. See *Myrick v. Stephanos*, 220 Ga. App. 520, 521 (2) (472 SE2d 431) (1996).

The evidence shows that Marrero, who was born on May 13, 1949, worked throughout most of her adult life. Approximately a

month prior to the accident, she left her job to assist her pregnant daughter in Kentucky. Marrero was injured in the collision with Olariu's vehicle less than two weeks after she had returned to Georgia, and, at the time of the accident, she had accepted a position at a former employer's supermarket deli.

Marrero had worked the previous 16 to 17 years preparing food and had accepted an offer to continue in that line of work. Her food preparation work required lifting, which Marrero testified she is no longer able to do.

Marrero's injuries involved a fractured right clavicle and fractured pelvis. After the accident she used a wheelchair for four or five months and then a walker for eight to nine months. A plate and screws were inserted in her clavicle. A physician testified that Marrero had been medically unable to work since the accident and suffered a permanent five percent disability under the American Medical Association guidelines. In her job immediately prior to the collision, Marrero was earning $7 an hour and working 35-38 hours a week.

We find Olariu's argument that Marrero was not entitled to a recovery for future earnings because she was unemployed at the time of the accident to be unpersuasive. Marrero presented evidence which would allow the jury to make a reasonable determination of loss for both past and future earnings. The trial court correctly denied Olariu's motion for judgment n.o.v. on this issue.

(b) The defense stated it had no exceptions to the jury charges, and so Olariu may not now object to the charge with respect to lost earnings. See *Watkins & Watkins, P.C. v. Williams*, 238 Ga. App. 646, 649 (4) (518 SE2d 704) (1999).

*Judgment affirmed in part and reversed in part and case remanded with direction. Ruffin, J., concurs. Ellington, J., concurs in the judgment only.*

DECIDED FEBRUARY 23, 2001 — RECONSIDERATIONS DENIED MARCH 5, 2001 AND MARCH 29, 2001 —

*Brennan, Harris & Rominger, Mason White, James D. Kreyenbuhl, Hertz & Link, Houston D. Smith III*, for appellant.
*Slappey & Sadd, James N. Sadd*, for appellee.