Connie A. JOHNSON, Appellant

v.

DALLAS COUNTY, Appellee.

No. 05–04–01612–CV.

Court of Appeals of Texas, Dallas.

June 30, 2006.

854

John Weddle, The Law Offices of John Weddle, Garland, for Appellant.

Harry W. Deckard, The Law Offices of Harris & Harris, Austin, for Appellee.

Before Justices MOSELEY, BRIDGES, and O'NEILL.

## OPINION

Opinion by Justice BRIDGES.

Connie A. Johnson appeals the trial court's judgments granting a portion of Dallas County's motion for summary judgment and, in a consolidated matter, granting Johnson's motion for declaratory judgment. In three issues, Johnson argues the award in the declaratory judgment action is too small, and the trial court erred in failing to award pre-judgment interest and attorney's fees on appeal. We affirm the trial court's judgments.

Johnson was injured at work in 1988 and filed a worker's compensation claim. When worker's compensation payments were not forthcoming, Johnson used an insurance policy provided by the County at no cost to Johnson to obtain treatment for her injuries. Johnson's treatment was ongoing, and she had surgery to her spine in 1994. In 1997, Johnson and the County entered into a settlement whereby Johnson was awarded $15,574, and the County was required to pay all reasonable and necessary accrued hospital and medical expenses. Johnson also sought and obtained an award from the Texas Worker's Compensation Commission for $26,816.09 in expenses for various medical treatments.

In March 2001, the County filed a petition seeking to set aside the Commission's award. The petition was apparently not properly served on Johnson because it was sent to an old address. Nevertheless, someone at the old address signed for the petition, and the County obtained a default judgment against Johnson. Unaware of the motion to set aside, Johnson filed a declaratory judgment action seeking payment of the funds awarded by the Commission. When Johnson learned of the default judgment, she filed a motion for new trial, which the trial court granted.

The court consolidated Johnson's declaratory judgment action with the County's petition. The County moved for summary judgment, in part, on the ground that the County had already paid Johnson's medical expenses out of the County's self-funded group health insurance plan. Thus, the County asserted, requiring the County to pay for the expenses would allow Johnson a double recovery. The County conceded that Johnson could seek reimbursement for $1933.22 for co-payments, deductibles, and co-insurance Johnson paid individually. The trial court granted the County's motion for summary judgment but also awarded Johnson $1933.22 for reimbursement of her co-payments and a portion of her requested attorney's fees. This appeal followed.

In her first issue, Johnson argues the amount of the award she received in the trial court's judgment is too small. Specifically, she argues the trial court erred in determining that she was not entitled to recover the total amount of her medical expenses because the County was self insured and had paid a portion of the medical expenses through her medical insurance. Johnson argues, as she did at trial, that the collateral source rule prohibits the County from taking credit for payments made through the County's health insurance program.

■■■ In reviewing the trial court's decision to grant summary judgment, we apply well-known standards. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). The collateral source rule is both a rule of evidence and damages. *Taylor v. American Fabritech, Inc.*, 132 S.W.3d 613, 626 (Tex.App.-Houston [14th Dist.] 2004, pet. denied). Generally, it precludes a tortfeasor from obtaining the benefit of, or even mentioning, payments to the injured party from sources other than the tortfeasor. *Id.* In other words, the defendant is not entitled to present evidence of, or obtain an offset for, funds received by the plaintiff from a collateral source. *Id.* When the defendant tortfeasor is the employer of the injured plaintiff, payments made under an employee benefit plan create a particular puzzle. *Id.* Basically, if the benefit plan is a fringe benefit for the employee, it is considered a collateral source in regard to the employer, but if the benefit was purchased for the primary purpose of protecting the employer, then the plan is not a collateral source as against the employer. *Id.* The reasoning is simple: if the plan was purchased for the benefit of the employer then it should be entitled to an offset for payments from the plan to the injured employee. *Id.*

■■ The summary judgment evidence shows the County, through its contracted claims administrator, paid all but $1933.22 of the total amount of Johnson's medical expenses, and the trial court's judgment awarded Johnson the $1933.22. Johnson cites *Taylor* to support her argument that the County provided a fringe benefit for all employees in the form of medical insurance. Thus, she argues, the medical insurance is a collateral source and not something the County should receive credit for paying. We note that, in *Taylor*, the employer received checks from an insurance company and then wrote checks to its employee Taylor and various health care providers. In contrast, Johnson sought to obtain worker's compensation benefits for medical expenses already paid out of the County's self insurance fund. Essentially, Johnson wants to enforce the worker's compensation award even though the medical expenses reflected in that award have already been paid. Johnson does not assert that the County was a tortfeasor such that the collateral source rule would apply. *See Taylor*, 132 S.W.3d at 626. Further,

the record shows that the "insurance" at issue was paid from a self-insurance fund maintained by the County, unlike the separate insurance company that provided the insurance in *Taylor*. In sum, it appears the County paid all of Johnson's medical expenses without resort to the worker's compensation commission, and the trial court ordered that she be reimbursed for $1933.22 in co-payments, deductibles, and co-insurance. Under these circumstances, we conclude the trial court correctly granted summary judgment on Johnson's claims for further reimbursement. *See Nixon*, 690 S.W.2d at 548–49. We overrule Johnson's first issue.

 In her second issue, Johnson argues the trial court erred in failing to award prejudgment interest. We review the trial court's prejudgment interest award under an abuse of discretion standard. *Wilmer–Hutchins I.S.D. v. Smiley*, 97 S.W.3d 702, 706 (Tex.App.-Dallas 2003, pet. denied). Further, we reject Johnson's attempt to characterize the 1997 settlement agreement as a contract which the County breached, thereby entitling Johnson to prejudgment interest. In fact, the County has fully paid all of Johnson's medical expenses, and Johnson cites no authority for the proposition that her attempts to secure payment of her medical expenses amounted to an action for breach of contract. Accordingly, the trial court did not abuse its discretion in failing to award prejudgment interest. We overrule Johnson's second issue.

In her third issue, Johnson argues the trial court erred in failing to award her attorney's fees for bringing a successful appeal. Johnson cites this Court's opinion in *State Farm Lloyds v. Borum*, 53 S.W.3d 877, 894–95 (Tex.App.-Dallas 2001, pet. denied) for the proposition that, when a court of appeals reverses a declaratory judgment, it is proper to remand the issue of attorney fees to the trial court. However, we have concluded the trial court did not err in its judgment, and reversal is not warranted. Further, as the prevailing party, the County is entitled to an award of its costs on appeal, rendering moot the issue of whether Johnson should be awarded costs of a successful appeal. *See* Tex. R.App. P. 43.4. We overrule Johnson's third issue.

We affirm the trial court's judgment.