NO. 07-06-00294-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 11, 2006


 ______________________________



PAUL MICHAEL BENZ, APPELLANT



V.



TEXAS DEPARTMENT OF PUBLIC SAFETY, APPELLEE


_________________________________



FROM THE COUNTY COURT AT LAW OF GILLESPIE COUNTY;



NO. 1115; HONORABLE MARK STROEHER, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ. 

ORDER


 Counsel for appellant has filed his Second Motion to Withdraw as Counsel in which
he represents, among other things, that appellant has failed to pay him for his legal
services. Counsel for appellant has complied with the requirements of Rule 6.5 of the
Texas Rules of Appellate Procedure. We grant the motion to withdraw. Pursuant to Rule
6.5(c), counsel is directed to notify appellant, in writing, of any previously undisclosed
deadlines and file a copy of that notice with the clerk of this court.


 It is so ordered.


 Per Curiam 



 626 &\
626 n.41. Cf. Johnson, 195 S.W.3d at 855-56 (noting no allegation that employer was the\
tortfeasor for application of collateral source rule).
\
'

var WPFootnote3 = ' From antiquity in this country the collateral source rule has concerned benefits,\
such as insurance, acquired before the fact. Of English common law origin, the collateral\
source rule entered American jurisprudence in The Propeller Monticello v. Mollison, 58\
U.S. (17 How.) 152, 15 L.Ed. 68 (1854). \
 \
                                “Monticello,” a steamship, and “Northwestern,” a schooner, collided on Lake\
Huron, causing “Northwestern” to sink with its cargo of salt. Mollison, the\
owner of “Northwestern,” was insured, and his insurer compensated him in\
full for his loss. When Mollison sued the steamship, its owner raised as a\
defense that Mollison had already been fully compensated. The United\
States Supreme Court held that the insurance contract was “in the nature of\
a wager between third parties, with which the trespasser has no concern. \
The insurer does not stand in the relation of a joint trespasser, so that the\
satisfaction accepted from him shall be a release of others.” Id. at 155. The\
term “collateral source” derives from language used in Harding v. Town of\
Townsend, 43 Vt. 536 [538] (1871) (“The policy of insurance is collateral to\
the remedy against the defendant, and was procured solely by the plaintiff\
and at his expense, and to the procurement of which the defendant was in\
no way contributory”). \
\
Baptist Healthcare Sys. v. Miller, 177 S.W.3d 676, 687 (Ky. 2005). Harding found a place\
in the early development of the collateral source rule in Texas. See Texas & Pacific Ry.\
Co. v. Levi & Bro., 59 Tex. 674, 676 (1883) (quoting Harding, 43 Vt. at 538). \
'

var WPFootnote4 = ' A discharge in bankruptcy “operates as an injunction against the commencement\
or continuation of an action, the employment of process, or an act, to collect, recover or\
offset any such debt as a personal liability of the debtor, whether or not discharge of such\
debt is waived....” 11 U.S.C.A. § 524(a)(2) (West 2004). \
'

function WPShow( WPid, WPtext )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'visible'" );
 else
 {
 if( floatwnd == 0 || floatwnd.closed )
 floatwnd = window.open( "", "comment", "toolbars=0,width=600,height=200,resizable=1,scrollbars=1,dependent=1" );
 floatwnd.document.open( "text/html", "replace" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( "\r\n" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( WPtext );
 floatwnd.document.write( '
Close');
 floatwnd.document.write( "
" );
 floatwnd.document.close();
 floatwnd.focus();
 }
}

function WPHide( WPid )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'hidden'" );
}







NO. 07-07-0351-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 5, 2009
______________________________

GAILIA TATE, APPELLANT

V.
 
MIGUEL HERNANDEZ, APPELLEE
_________________________________

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-533,790; HONORABLE BILL SOWDER, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
Concurring Opinion
          I agree with the Court’s rendition of judgment that appellee Miguel Hernandez take
nothing but find myself unable to join its opinion. I disagree with the Court’s disposition of
the first and second issues presented by appellant Gailia Tate. For the reasons
expressed, I would sustain Tate’s first issue and not reach the second issue. 
          In its disposition of Tate’s first issue, the Court holds that a discharge in bankruptcy
of liability for medical expenses is a collateral benefit within the collateral source rule. 
Hence, through discharge in bankruptcy a debtor may be relieved of liability for medical
expenses caused by a tortfeasor and in an action against the tortfeasor seek a recovery
of the discharged expenses. I would hold a discharge in bankruptcy of personal liability for
medical expenses is not a collateral benefit for application of the collateral source rule.
Discussion
          The one-satisfaction rule limits a plaintiff “to but one satisfaction for the injuries
sustained by him.” Bradshaw v. Baylor Univ., 126 Tex. 99, 84 S.W.2d 703, 705 (1935);
Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378, 390 (Tex. 2000). Thus allowing recovery
in a tort action of a compensatory damage element paid by a collateral source,
independent of the defendant, has the appearance of a forbidden double recovery. But
“if payment is within the collateral source rule, the principle forbidding more than one
recovery for the same loss is not applicable.” Brown v. American Transfer & Storage Co.,
601 S.W.2d 931, 936 (Tex. 1980); Triumph Trucking, Inc., v. Southern Corporate Ins.
Managers, Inc., 226 S.W.3d 466, 471 (Tex.App.–Houston [1st Dist.] 2006, pet. denied). 
The collateral source rule provides:
[T]he fact that an injured person receives from a collateral source payments
which may have some tendency to mitigate the consequences of the injury
which he otherwise would have suffered may not be taken into consideration
in assessing the damages or other recovery to which the claimant may be
entitled.
 
Traders & General Ins. Co. v. Reed, 376 S.W.2d 591, 593 (Tex.Civ.App.–Corpus Christi
1964, writ ref’d n.r.e.); accord Sweep v. Lear Jet Corp., 412 F.2d 457, 459 (5th Cir. 1969)
(applying Texas law); City of Fort Worth v. Barlow, 313 S.W.2d 906, 911
(Tex.Civ.App.–Fort Worth 1958, writ ref’d n.r.e.) (“[n]o abatement of damages on the
ground of partial compensation can properly be made where the evidence shows funds
have been received from a collateral source, independent of the defendant”). “The
collateral source rule is both a rule of evidence and damages.”


 Johnson v. Dallas County,
195 S.W.3d 853, 855 (Tex. App.–Dallas 2006, no pet.); Taylor v. American Fabritech, Inc.,
132 S.W.3d 613, 626 (Tex. App.–Houston [14th Dist.] 2004, pet. denied). Its focal point
is “whether a tort victim has received benefits from a collateral source that cannot be used
to reduce the amount of damages owed by a tortfeasor.” Acuar v. Letourneau, 260 Va.
180, 531 S.E.2d 316, 322 (Va. 2000). Underlying the collateral source rule is the equitable
notion that if there must be a windfall “the injured party is more justly entitled to it than the
wrongdoer.” Sweep, 412 F.2d at 459. 
          The collateral source rule has historically been applied to situations in which a third
party acts for the benefit of the plaintiff. See, e.g., Brown, 601 S.W.2d at 934-36
(insurance); Twin City Fire Insurance Company v. Gibson, 488 S.W.2d 565, 571
(Tex.Civ.App.–Amarillo 1972, writ ref’d n.r.e.) (government benefits); Barlow, 313 S.W.2d
at 911 (gratuitous healthcare services by Veterans Administration). See also Restatement
(Second) of Torts § 920A, cmt. c (“rule that collateral benefits are not subtracted from the
plaintiff’s recovery applies to the following types of benefits”: insurance policies,
employment benefits, gratuities, and social legislation benefits). Indeed, “collateral source”
speaks of an additional party. But it is not so much the source of funds but the character
of the benefits received that determines the application of the collateral source rule. Lee-Wright, Inc. v. Hall, 840 S.W.2d 572, 582 (Tex.App.–Houston [1st Dist.] 1992, no writ)
(citing Phillips v. Western Co. of N. Am., 953 F.2d 923, 929 (5th Cir. 1992)).


 
          Application of the collateral source rule has historically benefitted those with
foresight to acquire insurance in advance of injury or at least in advance of treatment. 
Brown, 601 S.W.2d at 934-35; Finger v. Southern Refrigeration Servs., Inc., 881 S.W.2d
890, 893-94 (Tex.App.–Houston [1st Dist.] 1994, writ denied); Payne v. Wyeth
Pharmaceuticals, Inc., No. 2:08cv119, 2008 WL 4890760, at *3, 2008 U.S. Dist. Lexis
91849, at *11, (E.D. Va. November 12, 2008). See generally 5 James B. Sales and J.
Hadley Edgar, Texas Torts and Remedies § 88.01[1] (2008) (where collateral source is an
insurer, it would be “particularly inappropriate” for a tortfeasor to benefit from the victim’s
foresight in procuring an insurance policy to which the tortfeasor was not a party). Even
gratuitous medical services delivered because, for example, a person is a veteran are
rendered based on status at the time of treatment. Walker v. Long, 57 Va. Cir. 419, 420
(Va. Cir. Ct. 1993). The collateral source rule furthers public policies like encouraging
insurance coverage and allowing employee and governmental benefits to reach their
intended beneficiaries in full. The rule thus may be said to reward a plaintiff’s foresight or
status prior to injury.


 Payne, 2008 WL 4890760, at *4, 2008 U.S. Dist. Lexis 91849, at
*12.
          Bankruptcy fits neither of the historical circumstances. In bankruptcy, there is no
third party rendering a bargained-for or gratuitous benefit. Oliver v. Heritage Mut. Ins. Co.,
505 N.W.2d 452, 461 (Wis. Ct. App. 1993). Accord Olariu v. Marrero, 549 S.E.2d 121, 123
(Ga. Ct. App. 2001) (“[T]he effects of a bankruptcy do not constitute a ‘collateral source’
at all”). Rather bankruptcy functions to “relieve the honest debtor from the weight of
oppressive indebtedness and permit him to start afresh free from the obligations and
responsibilities consequent upon business misfortunes.” Williams v. United States Fidelity
& Guar. Co., 236 U.S. 549, 554-55, 35 S.Ct. 289, 290, 59 L.Ed. 713 (1915) (Bankruptcy
Act). Nor does bankruptcy reward the plaintiff’s foresight or favored status. If it may be
said that the fresh start of a voluntary bankruptcy discharge renders a windfall for the
debtor by permanently enjoining collection of certain creditor claims,


 the windfall exists
because of an express decision made by the debtor after incurring the discharged liability. 
See Payne, 2008 WL 4890760, at *4, 2008 U.S. Dist. Lexis 91849, at *11-12. 
          As the Wisconsin court stated in Oliver, the collateral source rule properly applies
in cases where “a ‘benefit’ is bestowed by a ‘third party’ and this third party benefit creates
the windfall.” Oliver, 505 N.W.2d at 461. The rule, however, properly has no application
where a plaintiff creates the windfall by obtaining a discharge in bankruptcy of medical
expenses caused by the injury-producing occurrence. See id.; see also Payne, 2008 WL
4890760, at *5, 2008 U.S. Dist Lexis 91849, at *14.
          Additionally, recognizing discharge in bankruptcy as a collateral source benefit may
actually encourage bankruptcy by offering a post-treatment means of discharging personal
liability for expenses while leaving available a potential full recovery of damages. Oliver,
505 N.W.2d at 461-62. Such a result cannot be favored by public policy. Olariu, 549
S.E.2d at 123-24.
          For these reasons, I would find the collateral source rule inapplicable to the medical
expenses incurred by Hernandez but discharged in bankruptcy. I would, therefore, sustain
Tate’s first issue. It would be unnecessary to reach Tate’s remaining issues. Tex. R. App.
P. 47.1.
 
                                                                           James T. Campbell

                                                                                      Justice