NO. 07-07-0351-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 5, 2009
______________________________

GAILIA TATE, APPELLANT

V.
 
MIGUEL HERNANDEZ, APPELLEE
_________________________________

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-533,790; HONORABLE BILL SOWDER, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
Concurring Opinion
          I agree with the Court’s rendition of judgment that appellee Miguel Hernandez take
nothing but find myself unable to join its opinion. I disagree with the Court’s disposition of
the first and second issues presented by appellant Gailia Tate. For the reasons
expressed, I would sustain Tate’s first issue and not reach the second issue. 
          In its disposition of Tate’s first issue, the Court holds that a discharge in bankruptcy
of liability for medical expenses is a collateral benefit within the collateral source rule. 
Hence, through discharge in bankruptcy a debtor may be relieved of liability for medical
expenses caused by a tortfeasor and in an action against the tortfeasor seek a recovery
of the discharged expenses. I would hold a discharge in bankruptcy of personal liability for
medical expenses is not a collateral benefit for application of the collateral source rule.
Discussion
          The one-satisfaction rule limits a plaintiff “to but one satisfaction for the injuries
sustained by him.” Bradshaw v. Baylor Univ., 126 Tex. 99, 84 S.W.2d 703, 705 (1935);
Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378, 390 (Tex. 2000). Thus allowing recovery
in a tort action of a compensatory damage element paid by a collateral source,
independent of the defendant, has the appearance of a forbidden double recovery. But
“if payment is within the collateral source rule, the principle forbidding more than one
recovery for the same loss is not applicable.” Brown v. American Transfer & Storage Co.,
601 S.W.2d 931, 936 (Tex. 1980); Triumph Trucking, Inc., v. Southern Corporate Ins.
Managers, Inc., 226 S.W.3d 466, 471 (Tex.App.–Houston [1st Dist.] 2006, pet. denied). 
The collateral source rule provides:
[T]he fact that an injured person receives from a collateral source payments
which may have some tendency to mitigate the consequences of the injury
which he otherwise would have suffered may not be taken into consideration
in assessing the damages or other recovery to which the claimant may be
entitled.
 
Traders & General Ins. Co. v. Reed, 376 S.W.2d 591, 593 (Tex.Civ.App.–Corpus Christi
1964, writ ref’d n.r.e.); accord Sweep v. Lear Jet Corp., 412 F.2d 457, 459 (5th Cir. 1969)
(applying Texas law); City of Fort Worth v. Barlow, 313 S.W.2d 906, 911
(Tex.Civ.App.–Fort Worth 1958, writ ref’d n.r.e.) (“[n]o abatement of damages on the
ground of partial compensation can properly be made where the evidence shows funds
have been received from a collateral source, independent of the defendant”). “The
collateral source rule is both a rule of evidence and damages.”


 Johnson v. Dallas County,
195 S.W.3d 853, 855 (Tex. App.–Dallas 2006, no pet.); Taylor v. American Fabritech, Inc.,
132 S.W.3d 613, 626 (Tex. App.–Houston [14th Dist.] 2004, pet. denied). Its focal point
is “whether a tort victim has received benefits from a collateral source that cannot be used
to reduce the amount of damages owed by a tortfeasor.” Acuar v. Letourneau, 260 Va.
180, 531 S.E.2d 316, 322 (Va. 2000). Underlying the collateral source rule is the equitable
notion that if there must be a windfall “the injured party is more justly entitled to it than the
wrongdoer.” Sweep, 412 F.2d at 459. 
          The collateral source rule has historically been applied to situations in which a third
party acts for the benefit of the plaintiff. See, e.g., Brown, 601 S.W.2d at 934-36
(insurance); Twin City Fire Insurance Company v. Gibson, 488 S.W.2d 565, 571
(Tex.Civ.App.–Amarillo 1972, writ ref’d n.r.e.) (government benefits); Barlow, 313 S.W.2d
at 911 (gratuitous healthcare services by Veterans Administration). See also Restatement
(Second) of Torts § 920A, cmt. c (“rule that collateral benefits are not subtracted from the
plaintiff’s recovery applies to the following types of benefits”: insurance policies,
employment benefits, gratuities, and social legislation benefits). Indeed, “collateral source”
speaks of an additional party. But it is not so much the source of funds but the character
of the benefits received that determines the application of the collateral source rule. Lee-Wright, Inc. v. Hall, 840 S.W.2d 572, 582 (Tex.App.–Houston [1st Dist.] 1992, no writ)
(citing Phillips v. Western Co. of N. Am., 953 F.2d 923, 929 (5th Cir. 1992)).


 
          Application of the collateral source rule has historically benefitted those with
foresight to acquire insurance in advance of injury or at least in advance of treatment. 
Brown, 601 S.W.2d at 934-35; Finger v. Southern Refrigeration Servs., Inc., 881 S.W.2d
890, 893-94 (Tex.App.–Houston [1st Dist.] 1994, writ denied); Payne v. Wyeth
Pharmaceuticals, Inc., No. 2:08cv119, 2008 WL 4890760, at *3, 2008 U.S. Dist. Lexis
91849, at *11, (E.D. Va. November 12, 2008). See generally 5 James B. Sales and J.
Hadley Edgar, Texas Torts and Remedies § 88.01[1] (2008) (where collateral source is an
insurer, it would be “particularly inappropriate” for a tortfeasor to benefit from the victim’s
foresight in procuring an insurance policy to which the tortfeasor was not a party). Even
gratuitous medical services delivered because, for example, a person is a veteran are
rendered based on status at the time of treatment. Walker v. Long, 57 Va. Cir. 419, 420
(Va. Cir. Ct. 1993). The collateral source rule furthers public policies like encouraging
insurance coverage and allowing employee and governmental benefits to reach their
intended beneficiaries in full. The rule thus may be said to reward a plaintiff’s foresight or
status prior to injury.


 Payne, 2008 WL 4890760, at *4, 2008 U.S. Dist. Lexis 91849, at
*12.
          Bankruptcy fits neither of the historical circumstances. In bankruptcy, there is no
third party rendering a bargained-for or gratuitous benefit. Oliver v. Heritage Mut. Ins. Co.,
505 N.W.2d 452, 461 (Wis. Ct. App. 1993). Accord Olariu v. Marrero, 549 S.E.2d 121, 123
(Ga. Ct. App. 2001) (“[T]he effects of a bankruptcy do not constitute a ‘collateral source’
at all”). Rather bankruptcy functions to “relieve the honest debtor from the weight of
oppressive indebtedness and permit him to start afresh free from the obligations and
responsibilities consequent upon business misfortunes.” Williams v. United States Fidelity
& Guar. Co., 236 U.S. 549, 554-55, 35 S.Ct. 289, 290, 59 L.Ed. 713 (1915) (Bankruptcy
Act). Nor does bankruptcy reward the plaintiff’s foresight or favored status. If it may be
said that the fresh start of a voluntary bankruptcy discharge renders a windfall for the
debtor by permanently enjoining collection of certain creditor claims,


 the windfall exists
because of an express decision made by the debtor after incurring the discharged liability. 
See Payne, 2008 WL 4890760, at *4, 2008 U.S. Dist. Lexis 91849, at *11-12. 
          As the Wisconsin court stated in Oliver, the collateral source rule properly applies
in cases where “a ‘benefit’ is bestowed by a ‘third party’ and this third party benefit creates
the windfall.” Oliver, 505 N.W.2d at 461. The rule, however, properly has no application
where a plaintiff creates the windfall by obtaining a discharge in bankruptcy of medical
expenses caused by the injury-producing occurrence. See id.; see also Payne, 2008 WL
4890760, at *5, 2008 U.S. Dist Lexis 91849, at *14.
          Additionally, recognizing discharge in bankruptcy as a collateral source benefit may
actually encourage bankruptcy by offering a post-treatment means of discharging personal
liability for expenses while leaving available a potential full recovery of damages. Oliver,
505 N.W.2d at 461-62. Such a result cannot be favored by public policy. Olariu, 549
S.E.2d at 123-24.
          For these reasons, I would find the collateral source rule inapplicable to the medical
expenses incurred by Hernandez but discharged in bankruptcy. I would, therefore, sustain
Tate’s first issue. It would be unnecessary to reach Tate’s remaining issues. Tex. R. App.
P. 47.1.
 
                                                                           James T. Campbell

                                                                                      Justice