NO. 07-07-0351-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 5, 2009
_____

GAILIA TATE, APPELLANT

V.

MIGUEL HERNANDEZ, APPELLEE
_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-533,790; HONORABLE BILL SOWDER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**Concurring Opinion**

I agree with the Court's rendition of judgment that appellee Miguel Hernandez take nothing but find myself unable to join its opinion. I disagree with the Court's disposition of the first and second issues presented by appellant Gailia Tate. For the reasons expressed, I would sustain Tate's first issue and not reach the second issue.

In its disposition of Tate's first issue, the Court holds that a discharge in bankruptcy of liability for medical expenses is a collateral benefit within the collateral source rule. Hence, through discharge in bankruptcy a debtor may be relieved of liability for medical

expenses caused by a tortfeasor and in an action against the tortfeasor seek a recovery of the discharged expenses. I would hold a discharge in bankruptcy of personal liability for medical expenses is not a collateral benefit for application of the collateral source rule.

## Discussion

The one-satisfaction rule limits a plaintiff "to but one satisfaction for the injuries sustained by him." *Bradshaw v. Baylor Univ.,* 126 Tex. 99, 84 S.W.2d 703, 705 (1935); *Crown Life Ins. Co. v. Casteel,* 22 S.W.3d 378, 390 (Tex. 2000). Thus allowing recovery in a tort action of a compensatory damage element paid by a collateral source, independent of the defendant, has the appearance of a forbidden double recovery. But "if payment is within the collateral source rule, the principle forbidding more than one recovery for the same loss is not applicable." *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931, 936 (Tex. 1980); *Triumph Trucking, Inc., v. Southern Corporate Ins. Managers, Inc.,* 226 S.W.3d 466, 471 (Tex.App.–Houston [1st Dist.] 2006, pet. denied). The collateral source rule provides:

> [T]he fact that an injured person receives from a collateral source payments which may have some tendency to mitigate the consequences of the injury which he otherwise would have suffered may not be taken into consideration in assessing the damages or other recovery to which the claimant may be entitled.

*Traders & General Ins. Co. v. Reed,* 376 S.W.2d 591, 593 (Tex.Civ.App.–Corpus Christi 1964, writ ref'd n.r.e.); *accord Sweep v. Lear Jet Corp.,* 412 F.2d 457, 459 (5th Cir. 1969) (applying Texas law); *City of Fort Worth v. Barlow,* 313 S.W.2d 906, 911

2

(Tex.Civ.App.–Fort Worth 1958, writ ref'd n.r.e.) ("[n]o abatement of damages on the ground of partial compensation can properly be made where the evidence shows funds have been received from a collateral source, independent of the defendant"). "The collateral source rule is both a rule of evidence and damages."[1] *Johnson v. Dallas County,* 195 S.W.3d 853, 855 (Tex. App.–Dallas 2006, no pet.); *Taylor v. American Fabritech, Inc.,* 132 S.W.3d 613, 626 (Tex. App.–Houston [14th Dist.] 2004, pet. denied). Its focal point is "whether a tort victim has received benefits from a collateral source that cannot be used to reduce the amount of damages owed by a tortfeasor." *Acuar v. Letourneau,* 260 Va. 180, 531 S.E.2d 316, 322 (Va. 2000). Underlying the collateral source rule is the equitable notion that if there must be a windfall "the injured party is more justly entitled to it than the wrongdoer." *Sweep,* 412 F.2d at 459.

The collateral source rule has historically been applied to situations in which a third party acts for the benefit of the plaintiff. *See, e.g., Brown,* 601 S.W.2d at 934-36 (insurance); *Twin City Fire Insurance Company v. Gibson,* 488 S.W.2d 565, 571 (Tex.Civ.App.–Amarillo 1972, writ ref'd n.r.e.) (government benefits); *Barlow,* 313 S.W.2d

---

[1] The dual nature of the collateral source rule may be explained:

> The substantive component is a rule of damages. This component bars a defendant from reducing the plaintiff's compensatory award by the amount the plaintiff received from the collateral source. The evidentiary component bars admission of evidence of the existence of the collateral source or the receipt of benefits. The concern here is that the trier of fact may use that evidence improperly to deny the plaintiff the full recovery to which he is entitled.

*Arthur v. Catour,* 833 N.E.2d 847, 852 (Ill. 2005) (*quoting* James M. Fischer, Understanding Remedies § 12(a) (1999)).

at 911 (gratuitous healthcare services by Veterans Administration). *See also* Restatement (Second) of Torts § 920A, cmt. c ("rule that collateral benefits are not subtracted from the plaintiff's recovery applies to the following types of benefits": insurance policies, employment benefits, gratuities, and social legislation benefits). Indeed, "collateral source" speaks of an additional party. But it is not so much the source of funds but the character of the benefits received that determines the application of the collateral source rule. *Lee-Wright, Inc. v. Hall,* 840 S.W.2d 572, 582 (Tex.App.–Houston [1st Dist.] 1992, no writ) (*citing Phillips v. Western Co. of N. Am.,* 953 F.2d 923, 929 (5th Cir. 1992)).[2]

Application of the collateral source rule has historically benefitted those with foresight to acquire insurance in advance of injury or at least in advance of treatment. *Brown,* 601 S.W.2d at 934-35; *Finger v. Southern Refrigeration Servs., Inc.,* 881 S.W.2d 890, 893-94 (Tex.App.–Houston [1st Dist.] 1994, writ denied); *Payne v. Wyeth Pharmaceuticals, Inc.,* No. 2:08cv119, 2008 WL 4890760, at *3, 2008 U.S. Dist. Lexis 91849, at *11, (E.D. Va. November 12, 2008). *See generally* 5 James B. Sales and J. Hadley Edgar, Texas Torts and Remedies § 88.01[1] (2008) (where collateral source is an insurer, it would be "particularly inappropriate" for a tortfeasor to benefit from the victim's foresight in procuring an insurance policy to which the tortfeasor was not a party). Even gratuitous medical services delivered because, for example, a person is a veteran are

---

[2] Illustrating this precept are cases in which the tortfeasor is the victim's employer and has made payments under an employee benefit plan. If the benefit plan is characterized a fringe benefit of the employee then it is classified a collateral source as to the employer. Conversely, if the employer purchased the plan primarily for its protection, then the plan is not a collateral source as to the employer. *Taylor,* 132 S.W.3d at 626 & 626 n.41. *Cf. Johnson,* 195 S.W.3d at 855-56 (noting no allegation that employer was the tortfeasor for application of collateral source rule).

4

rendered based on status at the time of treatment. *Walker v. Long,* 57 Va. Cir. 419, 420 (Va. Cir. Ct. 1993). The collateral source rule furthers public policies like encouraging insurance coverage and allowing employee and governmental benefits to reach their intended beneficiaries in full. The rule thus may be said to reward a plaintiff's foresight or status prior to injury.[3] *Payne,* 2008 WL 4890760, at *4, 2008 U.S. Dist. Lexis 91849, at *12.

Bankruptcy fits neither of the historical circumstances. In bankruptcy, there is no third party rendering a bargained-for or gratuitous benefit. *Oliver v. Heritage Mut. Ins. Co.,* 505 N.W.2d 452, 461 (Wis. Ct. App. 1993). *Accord Olariu v. Marrero,* 549 S.E.2d 121, 123 (Ga. Ct. App. 2001) ("[T]he effects of a bankruptcy do not constitute a 'collateral source'

---

[3] From antiquity in this country the collateral source rule has concerned benefits, such as insurance, acquired before the fact. Of English common law origin, the collateral source rule entered American jurisprudence in *The Propeller Monticello v. Mollison,* 58 U.S. (17 How.) 152, 15 L.Ed. 68 (1854).

> "Monticello," a steamship, and "Northwestern," a schooner, collided on Lake Huron, causing "Northwestern" to sink with its cargo of salt. Mollison, the owner of "Northwestern," was insured, and his insurer compensated him in full for his loss. When Mollison sued the steamship, its owner raised as a defense that Mollison had already been fully compensated. The United States Supreme Court held that the insurance contract was "in the nature of a wager between third parties, with which the trespasser has no concern. The insurer does not stand in the relation of a joint trespasser, so that the satisfaction accepted from him shall be a release of others." *Id*. at 155. The term "collateral source" derives from language used in *Harding v. Town of Townsend,* 43 Vt. 536 [538] (1871) ("The policy of insurance is collateral to the remedy against the defendant, and was procured solely by the plaintiff and at his expense, and to the procurement of which the defendant was in no way contributory").

*Baptist Healthcare Sys. v. Miller,* 177 S.W.3d 676, 687 (Ky. 2005). *Harding* found a place in the early development of the collateral source rule in Texas. *See Texas & Pacific Ry. Co. v. Levi & Bro.,* 59 Tex. 674, 676 (1883) (*quoting Harding,* 43 Vt. at 538).

at all"). Rather bankruptcy functions to "relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes." *Williams v. United States Fidelity & Guar. Co.,* 236 U.S. 549, 554-55, 35 S.Ct. 289, 290, 59 L.Ed. 713 (1915) (Bankruptcy Act). Nor does bankruptcy reward the plaintiff's foresight or favored status. If it may be said that the fresh start of a voluntary bankruptcy discharge renders a windfall for the debtor by permanently enjoining collection of certain creditor claims,[4] the windfall exists because of an express decision made by the debtor after incurring the discharged liability. *See Payne,* 2008 WL 4890760, at *4, 2008 U.S. Dist. Lexis 91849, at *11-12.

As the Wisconsin court stated in *Oliver*, the collateral source rule properly applies in cases where "a 'benefit' is bestowed by a 'third party' and this third party benefit creates the windfall." *Oliver,* 505 N.W.2d at 461. The rule, however, properly has no application where a plaintiff creates the windfall by obtaining a discharge in bankruptcy of medical expenses caused by the injury-producing occurrence. *See id.; see also Payne,* 2008 WL 4890760, at *5, 2008 U.S. Dist Lexis 91849, at *14.

Additionally, recognizing discharge in bankruptcy as a collateral source benefit may actually encourage bankruptcy by offering a post-treatment means of discharging personal liability for expenses while leaving available a potential full recovery of damages. *Oliver,*

---

[4] A discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived...." 11 U.S.C.A. § 524(a)(2) (West 2004).

505 N.W.2d at 461-62.  Such a result cannot be favored by public policy.  *Olariu,* 549 S.E.2d at 123-24.

For these reasons, I would find the collateral source rule inapplicable to the medical expenses incurred by Hernandez but discharged in bankruptcy.  I would, therefore, sustain Tate's first issue.  It would be unnecessary to reach Tate's remaining issues.  Tex. R. App. P. 47.1.

James T. Campbell
Justice